IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUDATEX NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MITCHELL INTERNATIONAL, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. _____ <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Audatex North America, Inc. ("Audatex") for its Complaint against Mitchell International, Inc. ("Mitchell") alleges as follows:

## THE PARTIES

1. Audatex is a corporation duly organized and existing under the laws of the State of Delaware, which transacts business in Delaware and throughout the United States, and has its principal place of business at 15030 Avenue of Science, Suite 100, San Diego, California 92128.

2. On information and belief, Mitchell is a corporation duly organized and existing under the laws of the State of Delaware, which transacts business in Delaware and throughout the United States, and has a principal place of business at 6220 Greenwich Drive, San Diego, California, 92122.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., including 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant Mitchell because, among other reasons, Mitchell is incorporated in Delaware, and has availed itself of the benefits and protections of Delaware law.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) - (c) and 1400(b), because, among other reasons, Defendant Mitchell does business in this district, is subject to personal jurisdiction in this judicial district, and is incorporated in Delaware.

### INFRINGEMENT OF U.S. PATENT NO. 7,912,740 B2

6. On March 22, 2011, United States Patent No. 7,912,740 B2 ("the '740 Patent") was duly and legally issued for an invention entitled: "System and Method for Processing Work Products for Vehicles Via the World Wide Web."

7. The '740 Patent was initially assigned to Claims Services Group, Inc., which subsequently assigned the '740 Patent to Audatex. Audatex currently holds all rights, title, and interest in the '740 Patent. A true and correct copy of the '740 Patent is attached hereto as Exhibit A.

8. Audatex uses and sells an embodiment of the '740 Patent in conjunction with its Audatex Estimating system and Autosource product, which Audatex marks by denoting the patent number on the valuation reports that it generates.

9. Mitchell has infringed and is currently infringing the '740 patent in violation of 35 U.S.C. § 271, by making, using, selling and/or offering for sale products that infringe the '740 patent, including Mitchell's "WorkCenter" software and related services.

10. On information and belief, Mitchell has actual knowledge of the '740 Patent. Mitchell and Audatex are two of the largest competitors in the insurance estimation and loss valuation industry and Mitchell therefore closely monitors Audatex's technology and

products. On information and belief, Mitchell has obtained and analyzed copies of the Audatex Autosource valuation reports which specifically identify the '740 Patent.

11. Mitchell has actively induced, and continues to actively induce, infringement of the '740 Patent by, among other things, instructing its customers to operate the accused products in a manner that infringes the claims of the '740 Patent. Mitchell intends that its customers will use its "WorkCenter" software in a manner that infringes the '740 Patent and knows that its customers are using its "WorkCenter" software in a manner that infringes the '740 Patent.

12. Mitchell also has contributorily infringed and continues to contributorily infringe the '740 Patent by offering to sell and/or selling within the United States one or more components of a machine, manufacture, or combination covered by the '740 Patent that constitute a material part of the invention, which is not a staple article or commodity of commerce suitable for substantial non-infringing use. On information and belief, Mitchell knows that the component and/or apparatus is especially made or especially adapted for use in infringing the '740 Patent.

13. Mitchell's acts of infringement have caused damage to Audatex, and Audatex is entitled to recover from Mitchell the damages sustained by Audatex as a result of its individual wrongful acts in an amount subject to proof at trial. Mitchell's infringement of Audatex's exclusive rights under the '740 Patent will continue to damage Audatex, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

14. Despite its knowledge of the '740 Patent, Mitchell has infringed and continues to infringe, despite an objectively high likelihood that its actions constitute

infringement of the '740 Patent. Accordingly, Mitchell's infringement has been and continues to be willful.

## PRAYER FOR RELIEF

WHEREFORE, Audatex prays for judgment and seeks relief against Mitchell as follows:

1. That Mitchell has infringed, induced infringement of, and/or contributorily infringed one or more of the claims of each of the patents-in-suit;

2. That Mitchell and its affiliates, subsidiaries, directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of them be preliminarily and permanently enjoined from further acts of infringement, inducing infringement, and/or contributory infringement of the patents-in-suit;

3. That Mitchell pay Audatex damages which in no event shall be less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284;

4. That Mitchell be ordered to provide an accounting;

5. That this be adjudged an exceptional case and that Audatex be awarded its reasonable attorneys' fees under 35 U.S.C. § 285;

6. That Mitchell's infringement has been willful and that the damages will be increased under 35 U.S.C. § 284 to three times the amount found or measured;

7. That Mitchell be required to pay pre- and post-judgment interest on the assessed damages; and

8. That Audatex be awarded any other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Audatex hereby demands a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Morgan Chu
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
(310)277-1010

Lisa S. Glasser
David C. McPhie
Rebecca L. Clifford
IRELL & MANELLA LLP
840 Newport Center Drive
Suite 400
Newport Beach, CA  90067-4276
(949) 760-0991

February 6, 2012