IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUDATEX NORTH AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-139 (GMS) |
| ) | |
| MITCHELL INTERNATIONAL, INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Audatex North America, Inc. ("Audatex") for its First Amended Complaint against Mitchell International, Inc. ("Mitchell") alleges as follows:

### THE PARTIES

1. Audatex is a corporation duly organized and existing under the laws of the State of Delaware, which transacts business in Delaware and throughout the United States, and has its principal place of business at 15030 Avenue of Science, Suite 100, San Diego, California 92128.

2. On information and belief, Mitchell is a corporation duly organized and existing under the laws of the State of Delaware, which transacts business in Delaware and throughout the United States, and has a principal place of business at 6220 Greenwich Drive, San Diego, California, 92122.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, including 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant Mitchell because, among other reasons, Mitchell is incorporated in Delaware, and has availed itself of the benefits and protections of Delaware law.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) - (c) and 1400(b), because, among other reasons, Defendant Mitchell does business in this district, is subject to personal jurisdiction in this judicial district, and is incorporated in Delaware.

## GENERAL ALLEGATIONS

6. Audatex and Mitchell are two of the largest competitors in the insurance estimation and loss valuation industry. The major customers of the products offered by Audatex and Mitchell include insurance companies and collision repair facilities. Audatex and Mitchell compete with each other for these customers.

7. One of Mitchell's primary products is its "WorkCenter" software. Mitchell advertises its "WorkCenter" software to insurance companies, collision repair facilities, and other customers via various media, including its website, paper marketing materials, trade shows and/or presentations to its potential and actual customers. Mitchell's marketing materials contain, among other things, information about the features of its products, instructions about how to use the products, and demonstrations of how the products are intended to work.

## CLAIM 1

### (Infringement of U.S. Patent No. 7,912,740 B2)

8. The allegations in paragraphs 1 through 7 above are incorporated as though set forth fully herein.

9. On March 22, 2011, United States Patent No. 7,912,740 B2 ("the '740 Patent") was duly and legally issued for an invention entitled: "System and Method for Processing Work Products for Vehicles Via the World Wide Web."

10. The '740 Patent was initially assigned to Claims Services Group, Inc., which subsequently assigned the '740 Patent to Audatex. Audatex currently holds all rights, title, and interest in the '740 Patent. A true and correct copy of the '740 Patent is attached hereto as Exhibit A.

11. Audatex uses and sells an embodiment of the '740 Patent in conjunction with its Audatex Estimating system and Autosource product which generates valuation reports.

Audatex marks by denoting the patent number on the valuation reports. In other words, each time that an Audatex Autosource valuation report is generated, the report contains a reference to the '740 Patent.

12. On February 6, 2012, Audatex filed its original complaint for patent infringement against Mitchell, which contained a claim for infringement of the '740 Patent. In a February of 2012 press release, Mitchell acknowledged that it had reviewed Audatex's original complaint alleging infringement of the '740 Patent.

13. On information and belief, Mitchell also had actual knowledge of the '740 Patent before Audatex filed its original complaint. Because Mitchell and Audatex are two of the largest competitors in the insurance estimation and loss valuation industry, and regularly compete for the same customers, Mitchell closely monitors Audatex's technology, and Audatex's products, which are marked with the '740 Patent. For example, on information and belief, Mitchell has obtained one or more Audatex Autosource valuation reports. Indeed, hard copies of the Audatex Autosource reports identifying the '740 Patent are typically provided to each of the hundreds of thousands of claimants for whom such reports are generated. Additionally, customers of Audatex and Mitchell routinely perform competitive analysis and frequently share the results of such analysis with Audatex and Mitchell. Thus, on information and belief, Mitchell became aware of the '740 Patent through its competitive monitoring of Audatex. Mitchell therefore knew or should have known that there was an objectively high risk that its "WorkCenter" software was infringing the claims of the '740 Patent.

14. Mitchell has infringed and is currently infringing the '740 Patent in violation of 35 U.S.C. § 271, by making, using, selling and/or offering for sale products that infringe the '740 Patent, including Mitchell's "WorkCenter" software and related services.

15. Mitchell also has actively induced, and continues to actively induce, infringement of the '740 Patent by, among other things, using its marketing materials to instruct its customers to operate the accused products in a manner that infringes the claims of the '740 Patent. Mitchell intends that its customers will use its "WorkCenter" software in a manner that

infringes the '740 Patent and knows that its customers are using its "WorkCenter" software in a manner that infringes the '740 Patent.

16.     Mitchell also has contributorily infringed and continues to contributorily infringe the '740 Patent by offering to sell and/or selling within the United States to its customers one or more components of a machine, manufacture, or combination covered by the '740 Patent that constitute a material part of the invention, which is not a staple article or commodity of commerce suitable for substantial non-infringing use.  On information and belief, Mitchell knows that its "WorkCenter" software is especially made or especially adapted for use in infringing the '740 Patent.

17.     Mitchell's acts of infringement have caused damage to Audatex, and Audatex is entitled to recover from Mitchell the damages sustained by Audatex as a result of its individual wrongful acts in an amount subject to proof at trial.  Mitchell's infringement of Audatex's exclusive rights under the '740 Patent will continue to damage Audatex, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

18.     Despite its knowledge of the '740 Patent and its knowledge that there is an objectively high likelihood that its actions constitute infringement of the '740 Patent, Mitchell has infringed and continues to infringe the '740 patent with its "WorkCenter" software. Accordingly, Mitchell's infringement has been and continues to be willful.

## CLAIM 2

**(Infringement of U.S. Patent No. 8,200,513 B2)**

19.     The allegations in paragraphs 1 through 18 above are incorporated as though set forth fully herein.

20.     On June 12, 2012, United States Patent No. 8,200,513 B2 ("the '513 Patent") was duly and legally issued for an invention entitled:  "System and Method for Processing Work Products for Vehicles Via the World Wide Web."

21. Audatex is the assignee of the '513 Patent and currently holds all rights, title, and interest in the '513 Patent. A true and correct copy of the '513 Patent is attached hereto as Exhibit B.

22. Audatex uses and sells an embodiment of the '513 Patent in conjunction with its Audatex Estimating system and Autosource product that generate valuation reports. Audatex marks by denoting the patent number on the valuation reports. In other words, each time that an Audatex Autosource valuation report is generated, the report contains a reference to the '513 Patent.

23. On information and belief, Mitchell had actual knowledge of the '513 Patent before Audatex filed this complaint. Because Mitchell and Audatex are two of the largest competitors in the insurance estimation and loss valuation industry, and regularly compete for the same customers, Mitchell closely monitors Audatex's technology, and Audatex's products, which are marked with the '513 Patent. For example, on information and belief, Mitchell has obtained one or more Audatex Autosource valuation reports. Indeed, hard copies of the Audatex Autosource reports identifying the '513 Patent are typically provided to each claimant for whom such reports are generated. Additionally, customers of Audatex and Mitchell routinely perform competitive analysis and frequently share the results of such analysis with Audatex and Mitchell. Thus, on information and belief, Mitchell became aware of the '513 Patent through its competitive monitoring of Audatex.

24. Moreover, the '513 Patent is a direct continuation of the '740 Patent's application. At the time that the '513 Patent issued, Mitchell had issued press releases regarding the '740 Patent and Audatex's claims for infringement of the '740 Patent.

25. Mitchell therefore knew or should have known that there was an objectively high risk that its "WorkCenter" software was infringing the claims of the '513 Patent.

26. Moreover, and independent of Mitchell's previous knowledge of the '513 Patent, Mitchell also has knowledge of the '513 Patent based on this complaint.

27. Mitchell has infringed and is currently infringing the '513 Patent in violation of 35 U.S.C. § 271, by making, using, selling and/or offering for sale products that infringe the '513 Patent, including Mitchell's "WorkCenter" software and related services.

28. Mitchell also has actively induced, and continues to actively induce, infringement of the '513 Patent by, among other things, using its marketing materials to instruct its customers to operate the accused products in a manner that infringes the claims of the '513 Patent. Mitchell intends that its customers will use its "WorkCenter" software in a manner that infringes the '513 Patent and knows that its customers are using its "WorkCenter" software in a manner that infringes the '513 Patent.

29. Mitchell also has contributorily infringed and continues to contributorily infringe the '513 Patent by offering to sell and/or selling within the United States to its customers one or more components of a machine, manufacture, or combination covered by the '513 Patent that constitute a material part of the invention, which is not a staple article or commodity of commerce suitable for substantial non-infringing use. On information and belief, Mitchell knows that its "WorkCenter" software is especially made or especially adapted for use in infringing the '513 Patent.

30. Mitchell's acts of infringement have caused damage to Audatex, and Audatex is entitled to recover from Mitchell the damages sustained by Audatex as a result of its individual wrongful acts in an amount subject to proof at trial. Mitchell's infringement of Audatex's exclusive rights under the '513 Patent will continue to damage Audatex, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

31. Despite its knowledge of the '513 Patent and its knowledge that there is an objectively high likelihood that its actions constitute infringement of the '513 Patent, Mitchell has infringed and continues to infringe the '513 patent with its "WorkCenter" software. Accordingly, Mitchell's infringement has been and continues to be willful.

## PRAYER FOR RELIEF

WHEREFORE, Audatex prays for judgment and seeks relief against Mitchell as follows:

1. That Mitchell has infringed, induced infringement of, and/or contributorily infringed one or more of the claims of each of the patents-in-suit;

2. That Mitchell and its affiliates, subsidiaries, directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of them be preliminarily and permanently enjoined from further acts of infringement, inducing infringement, and/or contributory infringement of the patents-in-suit;

3. That Mitchell pay Audatex damages which in no event shall be less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284;

4. That Mitchell be ordered to provide an accounting;

5. That this be adjudged an exceptional case and that Audatex be awarded its reasonable attorneys' fees under 35 U.S.C. § 285;

6. That Mitchell's infringement has been willful and that the damages will be increased under 35 U.S.C. § 284 to three times the amount found or measured;

7. That Mitchell be required to pay pre- and post-judgment interest on the assessed damages; and

8. That Audatex be awarded any other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Audatex hereby demands a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Morgan Chu
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
(310)277-1010

Lisa S. Glasser
David C. McPhie
Rebecca L. Clifford
IRELL & MANELLA LLP
840 Newport Center Drive
Suite 400
Newport Beach, CA  90067-4276
(949) 760-0991

August 13, 2012

**CERTIFICATE OF SERVICE**

      I, hereby certify that on August 13, 2012, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Colm F. Connolly<br>MORGAN, LEWIS & BOCKIUS, LLP<br>The Nemours Building<br>1007 North Orange Street, Suite 501<br>Wilmington, DE 19801<br>*Attorneys for Mitchell International, Inc.* | *VIA ELECTRONIC MAIL* |
| Jason C. White<br>Mansi H. Shah<br>MORGAN, LEWIS & BOCKIUS, LLP<br>77 West Wacker Drive<br>Chicago, IL  60601<br>*Attorneys for Mitchell International, Inc.* | *VIA ELECTRONIC MAIL* |

                */s/ Jennifer Ying*
                _____
                Jennifer Ying (#5550)