## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

AUDATEX NORTH AMERICA, INC.,

   Plaintiff,

  v.

MITCHELL INTERNATIONAL, INC.,

   Defendant.

Civil Action No. 1:12-CV-00139-GMS

Honorable Gregory M. Sleet

## DEFENDANT MITCHELL INTERNATIONAL, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

Colm F. Connolly (#3151)
MORGAN, LEWIS & BOCKIUS LLP
1007 North Orange Street
Suite 501
Wilmington, DE 19801
(302) 574-7290
cconnolly@morganlewis.com

Jason C. White
Mansi Shah
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601
(312) 324-1000
jwhite@morganlewis.com
mshah@morganlewis.com

*Attorneys for Defendant Mitchell International, Inc.*

Dated:  October 17, 2012

# **TABLE OF CONTENTS**

I.      NATURE AND STATE OF THE PROCEEDINGS ......................................... 1

II.     SUMMARY OF THE ARGUMENT ........................................................... 1

III.    STATEMENT OF FACTS ...................................................................... 2

IV.     LEGAL STANDARD ........................................................................... 4

V.      THE VENUE TRANSFER FACTORS OVERWHELMINGLY FAVOR TRANSFER TO THE SOUTHERN DISTRICT OF CALIFORNIA ......................................... 5

  A.    This Case Could Have Been Filed In the Southern District of California.................. 5

  B.    The Private Interest Factors Overwhelmingly Favor Transfer ................................... 6

      1.    Audatex's Choice of Forum ...................................................... 6

      2.    Mitchell's Preferred Forum ....................................................... 8

      3.    Where the Claims Arose .......................................................... 8

      4.    Convenience of the Parties ........................................................ 9

      5.    Convenience of the Non-Party Witnesses ................................. 10

      6.    Relevant Books And Records Are Located In California ............... 12

  C.    The Public Interest Factors Favor Transfer ........................................................ 13

      1.    Enforceability of the Judgment ................................................ 13

      2.    Practical Considerations ......................................................... 13

      3.    Court Congestion .................................................................. 14

      4.    Local Interest in the Controversy ............................................. 14

      5.    Public Policies of the Fora ...................................................... 15

      6.    Court's Familiarity of the Relevant State Law ............................. 15

VI.     CONCLUSION ................................................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Affymetrix, Inc. v. Synteni, Inc.*,
   28 F. Supp. 2d 192 (D. Del. 1998) ............................................................. 4, 7, 11, 13

*All States Freight, Inc. v. Modarelli*,
   196 F.2d 1010, 1011 (3d Cir. 1952) ............................................................. 4

*Auto. Tech. Int'l Inc. v. Am. Honda Motor Co.*,
   No. 06-186, 2006 WL 3783477 (D. Del. Dec. 21, 2006) ....................... 7

*Burnstein v. Applied Extrusion Techs., Inc.*,
   829 F. Supp. 106 (D. Del. 1992) ............................................................. 9

*Dahl v. United Techs. Corp.*,
   632 F.2d 1027 (3d Cir. 1980) ............................................................. 15

*Ferens v. John Deere Co.*,
   494 U.S. 516 (1990) ............................................................. 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   131 S. Ct. 2846 (2011) ............................................................. 5

*Illumina, Inc. v. Complete Genomics, Inc.*,
   No. 10-649-RFK, 2010 WL 4818083 (D. Del. Nov. 9, 2010) ................. 9

*In re Acer Am. Corp.*,
   626 F.3d 1252 (Fed. Cir. 2010) ............................................................. 14

*In re DVI Inc.*,
   No. 03-12656, 2004 WL 1498593 (D. Del. June 23, 2004) ................. 11

*In re Genentech*,
   566 F.3d 1338 (Fed. Cir. 2009) ............................................................. 12, 13

*In re Hoffman-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 1999) ............................................................. 14

*In re Link_A_Media*,
   662 F.3d 1221, 1223 (Fed. Cir. 2011) ........................................... passim

*Intellectual Ventures I LLC v. Altera Corp.*,
   No. 10-1065-LPS, Slip. Op. at *7 (D. Del. Jan. 24, 2012) ................. 5

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ............................................................. 4, 5, 6, 8

*Koster v. Lumbermens Mut. Cas. Co.*,
    330 U.S. 518 (1947).............................................................................................6

*Mekiki Co., Ltd. v. Facebook, Inc.*,
    No. 09-745-JAP, 2010 WL 2348740 (D. Del. June 7, 2010) ...................................8

*Mohamed v. Mazda Motor Corp.*,
    90 F. Supp. 2d 757 (E.D. Tex. 2000).................................................................10

*MP Vista*,
    No. 07-099-GMS, 2008 WL 5411104 at *2 ..........................................................7

*Nilssen v. Everbrite, Inc.*,
    No. 00-189, 2001 WL 34368396 (D. Del. Feb. 16, 2001)......................................11

*Norwood v. Kirkpatrick*,
    349 U.S. 29 (1955)........................................................................................6, 8

*Paragon-Revolute Corp. v. C. F. Pease Co.*,
    120 F. Supp. 488, 490 (D. Del. 1954).................................................................4

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
    549 U.S. 422, 430, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007)..................................7

*Teleconference Sys. v. Proctor & Gamble Pharmas.*, Inc.,
    676 F. Supp. 2d 321, 331 (D. Del. 2009)..........................................................10

*Textron Innovations, Inc. v. The Toro Co.*,
    No. 05-486, 2005 WL 2620196 (D. Del. Oct. 14, 2005).........................................7

*Van Cauwenberghe v. Biard*,
    486 U.S. 517 (1988).........................................................................................8

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
    917 F.2d 1574 (Fed. Cir. 1990).........................................................................5

*Wacoh Co. v. Kionix Inc.*,
    No. 10-617-RGA, Slip Op. at *6 (D. Del. Jan. 9, 2012).....................................6, 10

*Warehouse Solutions, Inc. v. Integrated Logistics, LLC.*,
    No. 09-5571, 2011 WL 2489892, at *3 (D.N.J. May 19, 2011)................................8

STATUTES

28 U.S.C. § 1391(b) ........................................................................................5, 6

28 U.S.C. § 1400(b) ........................................................................................5, 6

28 U.S.C. § 1404(a) ....................................................................................... passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 45 ................................................................................................................10

## I.      NATURE AND STATE OF THE PROCEEDINGS

On August 13, 2012, Audatex North America, Inc. ("Audatex") filed its first Amended Complaint for Patent Infringement against Mitchell International, Inc. ("Mitchell").  (D.I. 12.) On August 30, 2012, Mitchell filed an Answer to the Amended Complaint.  (D.I. 14.)  Mitchell now moves pursuant to 28 U.S.C. § 1404(a) for an order transferring this case to the United States District Court for the Southern District of California.  This is Mitchell's opening brief in support of that motion.

## II.      SUMMARY OF THE ARGUMENT

This case should have been filed in the Southern District of California, where the parties, likely witnesses, and relevant documents are located, rather than in this District, which has very little, if any, connection to this case.  In many respects, this case is very similar to *In re Link_A_Media*, 662 F.3d 1221, 1223 (Fed. Cir. 2011), where the Federal Circuit held that transfer was appropriate given the presence of the parties, the likely witnesses, and the evidence in the transferee district.  Here, neither party has an office in this District and both parties' principal place of business is in San Diego, California.  As a result, the parties' potential witnesses and relevant documents are likely located there as well.  In addition, the bulk of the non-party witnesses – at least four of the seven named inventors and a previous assignee of one of the patents-in-suit – reside in California.  There is no evidence that any witness or documents are located in Delaware.  The only difference between this case and *Link_A_Media* is that the plaintiff in this case is a Delaware corporation.  While that entitles the plaintiff's choice of forum to some weight, it is not sufficient to overcome the overwhelming evidence, as demonstrated by the other private and public interest factors, that the Southern District of California is the "clearly more convenient" forum for this case.

## III.    STATEMENT OF FACTS

**The Parties.**  Mitchell is a leading provider of Property & Casualty claims management solutions, headquartered in San Diego, California.  (*See* Ex. 1, Declaration by Mitchell Employee Herrera ("Mitchell Decl."), at ¶¶ 1-4.)  Mitchell processes over 50 million transactions annually for over 300 insurance companies and/or claims payers and over 30,000 auto collision repair shops.  Mitchell is incorporated in Delaware, but it has no facilities or employees in this District. (Mitchell Decl., ¶ 3-4.)

Audatex alleges that it is a Delaware corporation, with a principal place of business in San Diego, California.  (D.I. 12, at ¶ 1.)  Audatex does not identify any offices in Delaware. (*Id*.)  Audatex's lead litigation counsel in this lawsuit, Morgan Chu of Irell & Manella LLP, is located in Los Angeles, California.  (D.I. 12, at p. 8.)

**Audatex' Claims Against Mitchell.**  Audatex alleges that Mitchell infringes U.S. Patent Nos. 7,912,740 ("the '740 patent"); and 8,200,513 ("the '513 patent") (collectively "the patents-in-suit").  (*See, e.g.*, D.I. 12, at ¶¶ 14, 27.)  Audatex has identified Mitchell's WorkCenter™ software as allegedly infringing the patents-in-suit.  Mitchell's WorkCenter™ software is primarily designed, engineered, and maintained in San Diego, California.  (Mitchell Decl., ¶ 5-6.)  No aspect of the WorkCenter™ software was designed or engineered or is maintained in the District of Delaware.  (Mitchell Decl., ¶ 6.)

**Location of Mitchell's Books, Records, and Witnesses.**  During the course of this case, Mitchell will likely have to produce relevant witnesses, documents and other corporate records. Virtually all, if not all, of this information is located in San Diego, California, where Mitchell maintains its headquarters and its largest office in the United States.  (Mitchell Decl., ¶ 8.)  All of the relevant Mitchell employees for Mitchell's WorkCenter™ software work at Mitchell's San Diego headquarters and reside in Southern California.  (Mitchell Decl., ¶ **7**.)  None of these

witnesses are located in Delaware; in fact, Mitchell does not have any offices or employees in Delaware.  (Mitchell Decl., ¶ 3, 7.)

**Location of Audatex' Books, Records, and Witnesses**.  Audatex appears to have no relevant connection to Delaware.  (D.I. 12, ¶ 1.)  Audatex's principal place of business is in San Diego, California.  (*Id.*)  Thus, presumably, all of its officers, employees, books, and records are in San Diego, California – not Delaware.

**Location of Third Party Witnesses, Books, and Records.**  Most of the potential non-party witnesses reside in California.  Four of seven co-inventors of the patent-in-suit reside in California:  Reza-Sayed Vahidi (Pleasanton, CA); Stan Griffin (Livermore, CA); Pankaj Desai (Walnut Creek, CA or San Ramon, CA); and Sonja Larson (Benicia, CA).  (*See* D.I. 12-1 at 1, and 12-2 at 1; *see also* Ex. 2, Declaration by Mansi Shah ("Shah Decl."), at Exs. 1-4.)[1]  The remaining three inventors of the patents-in-suit – Robert Cooperrider, John W. Fitzpatrick, and Sergey Gorelov – each appear to reside in Oregon.  (Shah Decl. at Exs. 5-7.)[2]  None of the likely non-party witnesses in this case are located in Delaware.  As such, if this case is not transferred, this Court will not have subpoena power over any of these non-party witnesses at trial.  However, if this case is transferred to the Southern District of California, pursuant to Rule 45(b)(2)(c), the Southern District of California will have subpoena power over most of the inventors and the prosecuting attorney and the remaining inventors will have a shorter distance to travel to attend trial.

---

[1] The '740 patent was previously owned by an entity located in the Northern District of California.  Specifically, the original application from which the '740 patent descended was assigned to Claims Services Group, Inc., which was located in San Ramon, California.  (D.I. 12, at ¶ 10; *see also* D.I. 12-1, at 1.)  Claims Services Group, Inc. subsequently assigned the '740 patent to Audatex.  (D.I. 12, at ¶ 10.)

[2] Additionally, the primary prosecuting attorney of the patents-in-suit, Ben J. Yorks, practices law in Newport Beach, California.  (Shah Decl. at Ex. 8.)

## IV.   LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  "[T]he words of Section 1404(a) 'should be considered for what they say, not with preconceived limitations derived from the forum non conveniens doctrine.'"  *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 198 (D. Del. 1998) (quoting *All States Freight, Inc. v. Modarelli*, 196 F.2d 1010, 1011 (3d Cir. 1952)).  Therefore, although Defendants must show that the transferee forum is more convenient for the parties and the witnesses, they need not make some sort of overwhelming showing.  *Id*. at 198 n.5 (quoting *Paragon-Revolute Corp. v. C. F. Pease Co.*, 120 F. Supp. 488, 490 (D. Del. 1954) ("defendant is not bound to produce such a strong, favorable balance that his favoring factors must greatly preponderate those of plaintiff and further that disturbing plaintiff's choice of forum is no longer a rarity because of § 1404(a) — defendant's mandatory margin for victory, then, need not be an overwhelming one.")).

In evaluating whether a movant has met its burden to transfer a case pursuant to § 1404(a), courts in the Third Circuit weigh the public and private interest factors outlined in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995).  The private interest factors are: (1) the plaintiff s choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the location of books and records.  *Id.* at 879.  The public interest factors are (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law.  *Id.* at 879-80.  These factors must be balanced fairly, without placing overriding importance on any of the considerations.  *In re Link_A_Media*, 662 F.3d at 1224.  In particular, the plaintiff's choice of Delaware as a litigation

forum and the fact of the parties' incorporation in Delaware are considerations that are not
dispositive of the venue transfer inquiry under *Jumara*.  *See id*.

## V.     THE VENUE TRANSFER FACTORS OVERWHELMINGLY FAVOR TRANSFER TO THE SOUTHERN DISTRICT OF CALIFORNIA

A district court should transfer a civil action to a venue where it "might have been
brought" if "the litigation would more conveniently proceed and the interests of justice be better
served" in that venue.  *Jumara*, 55 F.3d at 879; 28 U.S.C. § 1404(a); *Intellectual Ventures I LLC
v. Altera Corp.*, No. 10-1065-LPS, Slip. Op. at *7 (D. Del. Jan. 24, 2012).  Audatex could have
filed this lawsuit in the Southern District of California, and for the reasons discussed below,
weighing the private and public interest factors demonstrates that this case would more
conveniently proceed, and in the interests of justice would be better served, if this case was
transferred to the Southern District of California.

### A.     This Case Could Have Been Filed In the Southern District of California

Audatex could have brought suit against Mitchell in the Southern District of California.
Both Section 1391(b) and Section 1400(b) provide that this case may be brought in any judicial
district where the defendant resides.  *See* 28 U.S.C. § 1391(b) (provides that a civil action not
founded on diversity jurisdiction may be brought in any judicial district where the defendant
resides); 28 U.S.C. § 1400(b) (a patent infringement action may be brought "where the defendant
. . . has a regular and established place of business" or "where the defendant resides.").  Mitchell
resides in the Southern District of California, as its principal place of business is located in San
Diego, California. (Mitchell Decl., ¶¶ 2-3); *VE Holding Corp. v. Johnson Gas Appliance Co.*,
917 F.2d 1574, 1584 (Fed. Cir. 1990) (a corporation "resides" in every judicial district in which
it is "subject to personal jurisdiction"); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131
S. Ct. 2846, 2854 (2011) (a corporation's principal place of business is a "paradigm forum for

the exercise of general jurisdiction"). Therefore, the Southern District of California is a venue in which this case could originally have been brought under the first prong of Section 1391(b) or Section 1400(b).

**B.     The Private Interest Factors Overwhelmingly Favor Transfer**

Once the Court has determined that this case could have been brought in the Southern District of California, it must consider whether transfer would serve the convenience of the parties and non-party witnesses and the interests of justice. Five of the six private interest factors strongly favor transfer to the Southern District of California. *See Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995).

**1.     Audatex's Choice of Forum**

Although Audatex initiated this suit in this Court, its choice of venue is insufficient to prevent transfer of this case to a more appropriate and efficient venue. A plaintiff's choice of forum is entitled to some deference under the right circumstances, but it should not be given significant weight when the plaintiff has little to no connection to the forum. *See In re Link_A_Media,* 662 F.3d at 1223 (citations omitted); *Wacoh Co. v. Kionix Inc.*, No. 10-617-RGA, Slip Op. at *6 (D. Del. Jan. 9, 2012) (explaining that the plaintiff's choice of forum does not weigh as strongly as it would if the plaintiff had its principal place of business in Delaware).[3] As explained by the Federal Circuit, "[w]hen a plaintiff brings its charges in a venue that is not

---

[3] The fact that the parties are incorporated in Delaware is not dispositive with respect to transferring this case. The Federal Circuit recently explained that neither Section 1404(a) nor the Third Circuit "list a party's state of incorporation as a factor for a venue inquiry." *In re Link_A_Media,* 662 F.3d at 1223; *see also Wacoh,* No. 10-617-RGA, Slip Op. at *13. The Federal Circuit's finding is in line with the Supreme Court's teachings in the related area of forum non-conveniens. In that context, the Supreme Court explained that a party's place of incorporation is "entitled to little consideration." *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527-28 (1947); *see also Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) (the same factors are relevant to the forum non conveniens and Section 1404(a) inquiries).

its home forum, however, that choice of forum is entitled to less deference." *See In re Link_A_Media*, 662 F.3d at 1223 (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) (stating that when a plaintiff files a suit outside of its home forum, the presumption that its choice of forum is convenient and appropriate applies with "less force")).

In this case, Audatex's choice of forum should be given little weight because Audatex is not physically located here; it is located in the Southern District of California.  (D.I. 12, ¶ 1.)  Furthermore, there is currently no evidence that any of Audatex's employees or documents regarding the patents-in-suit are located in Delaware.  On the contrary, presumably all of Audatex's relevant officers, employees, books, and records are located in San Diego, California – not Delaware.  *See MP Vista*, No. 07-099-GMS, 2008 WL 5411104 at *2 (noting that Section 1404(a) was designed to prevent forum shopping).  Even in cases where the plaintiff is incorporated in Delaware, as in this case, this Court has given less deference because Delaware was not the plaintiff's "home turf".[4]  Here, Audatex's home turf is in the Southern District of California.  (D.I. 12, at ¶ 1.)

In short, this District has no specific connection to the alleged infringement.  The accused software is primarily designed, engineered, and maintained in San Diego, California.  (Mitchell Decl., ¶¶ 6, 8.)  No aspect of the WorkCenter™ software was designed or engineered or is maintained in the District of Delaware.  (*Id.*)  Accordingly, Audatex's choice of venue should be

---

[4] *See, e.g.*, *Affymetrix*, 28 F. Supp. 2d at 198 n.6 ("In the District of Delaware, 'home turf' is defined as the forum closest to the plaintiff's residence or principal place of business which can exercise personal jurisdiction over the defendant at the time that the lawsuit is filed."); *Auto. Tech. Int'l Inc. v. Am. Honda Motor Co.*, No. 06-186, 2006 WL 3783477, at *2 (D. Del. Dec. 21, 2006) (affording "less deference to ATI's choice of Delaware as a forum [even though ATI was incorporated in Delaware] because it is not its 'home turf,' or principal place of business"); *Textron Innovations, Inc. v. The Toro Co.*, No. 05-486, 2005 WL 2620196, at *1-*2 (D. Del. Oct. 14, 2005) (same).

given little weight in determining whether this case should be transferred to the Southern District of California.

### 2.    Mitchell's Preferred Forum

Mitchell's principal place of business, and largest office in the United States, is located in the Southern District of California.  (Mitchell Decl., ¶ 2.)  Significantly, the vast majority of Mitchell employees with knowledge of the development, testing, and operation of the WorkCenter™ software are located in Mitchell's San Diego headquarters in California. (Mitchell Decl., ¶ 7.)  The Southern District of California is thus the most logical forum in which to resolve this dispute, and therefore, this factor weighs heavily in favor of transferring this case to the Southern District of California.  *Jumara*, 55 F.3d at 879.

### 3.    Where the Claims Arose

Audatex's claims arose in Southern California.  The central acts giving rise to Audatex's claims for patent infringement — the development of Mitchell's WorkCenter™ software — occurred in San Diego, California, not Delaware.  (Mitchell Decl., ¶¶ 5-6.)  The Supreme Court has explained that the inquiry into a possible transfer "must consider the locus of the alleged culpable conduct."  *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528 (1988); *see Norwood*, 349 U.S. at 32; *Warehouse Solutions, Inc. v. Integrated Logistics, LLC.*, No. 09-5571, 2011 WL 2489892, at *3 (D.N.J. May 19, 2011) ("The locus of the alleged culpable conduct determines the place where a claim arose"  (quoting *Van Cauwenberghe*, 486 U.S. at 528)).  Here, the locus of the activities giving rise to Audatex's allegations is San Diego, California.  *See Mekiki Co., Ltd. v. Facebook, Inc.*, No. 09-745-JAP, 2010 WL 2348740, at *3 (D. Del. June 7, 2010).  Thus, this factor weighs strongly in favor of transferring this case to the Southern District of California.

### 4.   Convenience of the Parties

Audatex is a Delaware corporation with its principal place of business in San Diego, California.  (D.I. 12, ¶ 1.)  There is currently no evidence that any of Audatex's employees or documents regarding the patents-in-suit are located in Delaware; on the contrary, presumably all of Audatex's relevant officers, employees, books, and records are located in San Diego, California – not Delaware.  As such, Audatex should have an interest equal to that of Mitchell to have this litigation proceed and ultimately be resolved in the Southern District of California.  At the very least, given the paucity of contact Audatex has with Delaware, pursuing this litigation in the District of Delaware would be no more convenient for Audatex than it would be to proceed in the Southern District of California.  *Illumina, Inc. v. Complete Genomics, Inc.*, No. 10-649-RFK, 2010 WL 4818083, at *3 (D. Del. Nov. 9, 2010) ("[d]ue to the parties significant contacts with California, and minimal contacts with Delaware, there is no question that California is a more convenient forum for the parties.  This factor weighs strongly in favor of transferring this action to California."); *Burnstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106, 110 (D. Del. 1992) (transferring case because plaintiff did not reside in chosen venue and would have to travel regardless).

Mitchell's principal place of business is in San Diego, California, and most of the relevant witnesses, documents, and materials relating to the WorkCenter™ software are also located in San Diego.  (Mitchell Decl., ¶¶ 2-3, 8.)  Likewise, Mitchell's source code for the WorkCenter™ software is located in San Diego.  Finally, numerous Mitchell employees will likely testify at trial, including employees who could testify about the operation of Mitchell's WorkCenter™ software and the damages sought by Audatex in this case.  (Mitchell Decl., ¶ 7.)  Thus, the Southern District of California is a convenient venue for Mitchell.  Conversely, the District of Delaware is an inconvenient venue for Mitchell, because although Mitchell is

incorporated in Delaware, it has no other connection to the forum.  (Mitchell Decl., ¶¶ 2, 6, and 8.)

Although certain party witnesses can be *compelled* to attend trial, the location and convenience of the party witnesses, including Mitchell's witnesses, is still relevant to this analysis.  Section 1404(a) states that a court may transfer a civil action "for the convenience of the parties and witnesses."  Supreme Court precedent teaches that Section 1404(a) was "design[ed] to protect *litigants, witnesses* and the public against *unnecessary inconvenience and expense.*'"  *Ferens v. John Deere Co.*, 494 U.S. 516 , 525 (1990) (emphasis added; internal citations omitted).  Indeed, where no witnesses – party or third party – are located in Delaware and nearly all appear to be located in the California, transfer is appropriate.  *In re Link_A_Media*, 662 F.3d at 1223; *see also Wacoh*, No. 10-617-RGA, Slip Op. at 8.  Accordingly, the convenience of the parties weighs strongly in favor of transferring this case to the Southern District of California.

### 5.    Convenience of the Non-Party Witnesses

The availability of compulsory process and the convenience of the non-party witnesses overwhelmingly favor transfer of this case to the Southern District of California.  This District has held that "[t]he convenience of the parties and witnesses, and the location of relevant evidence, are the most important factors in the § 1404(a) analysis."  *Teleconference Sys. v. Proctor & Gamble Pharmas., Inc.*, 676 F. Supp. 2d 321, 331 (D. Del. 2009); *see also In re Link_A_Media*, 662 F.3d at 1223 (holding that the convenience of the witnesses is an important factor to consider in the transfer analysis). In this case, at least four of the seven inventors of the patents-in-suit currently reside in California – Reza-Sayed Vahidi (Pleasanton, CA); Stan Griffin (Livermore, CA); Pankaj Desai (Walnut Creek, CA or San Ramon, CA); and Sonja Larson (Benicia, CA) (*see* D.I. 12-1 at 1, and 12-2 at 1; *see also* Shah Decl. at Exs. 1-4) – and as such,

10

they could be subject to compulsory process in any trial in these proceedings in the Southern

District of California.  *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 778 (E.D. Tex.

2000) (finding that pursuant to Fed. R. Civ. P. 45, a court can "compel a witness found within

the state in which the court sits to attend trial") (citation omitted).  None of these likely non-party

witnesses are within the subpoena power of this District.

The testimony of the inventors will be relevant to a number of critical issues in this

litigation, including at least conception and reduction to practice of the inventions embodied in

the patents-in-suit, the prosecution of the patents-in-suit, the scope of the claims, invalidity, and

possible inequitable conduct.  Securing these critical witnesses' attendance at trial – instead of

viewing excerpts of videotaped depositions – would undoubtedly better serve the finder of fact

on these issues.  *See, e.g., In re DVI Inc.,* No. 03-12656, 2004 WL 1498593, at *2 (D. Del. June

23, 2004) (concluding that the presence of witnesses who "reside outside of the subpoena power

of the Court, weighs heavily in favor of transferring this action"); *Nilssen v. Everbrite, Inc.*,

No. 00-189, 2001 WL 34368396, at *2 (D. Del. Feb. 16, 2001) ("[a] party need not allege that a

witness definitely will be unavailable for trial; rather, it is sufficient for purposes of venue

transfer analysis if the witness is not subject to a court's subpoena power") (internal citations

omitted).

Even if all of these non-party witnesses were willing to appear in Delaware, it would still

be more convenient for these witnesses to appear at trial in the Southern District of California

rather than the District of Delaware.  *See Affymetrix*, 28 F. Supp. 2d at 203 (J. Sleet) ("[f]act

witnesses who possess first-hand knowledge of the events giving rise to the lawsuit, however,

have traditionally weighed quite heavily in the 'balance of convenience' analysis").  Many of

these witnesses could drive to the courthouse and the remainder would have a short flight.

However, if this case remains in Delaware, all of these non-party witnesses will have to travel across the country and miss several days of work.  This is equally true for the remaining three inventors of the patents-in-suit – Robert Cooperrider, John W. Fitzpatrick, and Sergey Gorelov – each of whom appear to reside in Oregon.  (Shah Decl. at Exs. 5-7.)

If the case were transferred to the Southern District of California, Claims Services Group, Inc. – a previous owner of the patents-in-suit – also would be subject to compulsory process, as it is located in San Ramon, California.  (D.I. 12, at ¶ 10; D.I. 12-1, at 1.); *see In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (finding transferee venue's compulsory subpoena power over witnesses favors transfer).  Claims Services Group, Inc.'s involvement with the patents-in-suit suggests that it will have knowledge regarding at least: (1) the development of the inventions embodied in the patents-in-suit; (2) the prosecution of those patents; (3) secondary factors of nonobviousness relevant to an invalidity analysis; and (4) reasonable royalty and damages issues.

Because these non-party witnesses are located within California, transfer of this case to the Southern District of California would be significantly more convenient of all of these witnesses.  Accordingly, the convenience of non-party witnesses factor, particularly in light of California's power to compel appearances of these non-party witnesses, strongly favors transfer of this case to the Southern District of California.

### 6.    Relevant Books And Records Are Located In California

The likely sources of proof, including documentation and computer source code for Mitchell's WorkCenter™ software are also located in Mitchell's San Diego headquarters.  (Mitchell Decl., ¶ 8.)  Mitchell's development documents, operation documents, and other documents and materials associated with the WorkCenter™ software are located in or accessed from Mitchell's offices in San Diego, not Delaware.  (*Id.*)  In addition, documents relevant to the asserted patents are likely located in California, as that is the residence for at least four of the

seven inventors, (*see* D.I. 12-1 at 1, and 12-2 at 1; Shah Decl. at Exs. 1-4), and one of the previous assignees of the patents-in-suit.  (D.I. 12, at ¶ 10; D.I. 12-1, at 1.)  Thus, virtually all relevant documents are located outside in California, and none are known to be located in Delaware.  Accordingly, the location of the relevant books and records strongly favors transfer. *In re Link_A_Media*, 662 F.3d at 1223 (holding that the location of the documents is an important factor to consider in the transfer analysis); *In re Genentech*, 566 F.3d at 1345 ("[i]n patent infringement cases, the bulk of the evidence comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of the transfer to that location").

In summary, five of the six private interest factors strongly favor transferring this case to the Southern District of California, and the remaining factor should be accorded little weight.

### C.      The Public Interest Factors Favor Transfer

In addition to the private interest factors that overwhelmingly favor transfer to the Southern District of California, three of the six public interest factors favor transfer, while three are neutral.  None of the public interest factors favor keeping the case in Delaware.

### 1.      Enforceability of the Judgment

Both the District of Delaware and the Southern District of California have equal ability to enforce the judgment in this case.  This factor is neutral.

### 2.      Practical Considerations

As this Court has noted, eliminating the need for local counsel is a relevant consideration in the transfer analysis. *Affymetrix,* 28 F. Supp. 2d at 206. Here, Audatex's lead counsel is located in California, so transferring this case to the Southern District of California would eliminate Audatex's need for local counsel.  Also, as discussed above, virtually every material witness associated with Mitchell is located in California, as are a number of the third party

witnesses.  All of these individuals would have to travel over 2,500 miles from California to reach this District to participate in trial.  Travel costs for witnesses would be significantly reduced by litigating this case in California.  This factor weighs in favor of transfer.

### 3.   Court Congestion

In the past six years, the average time to trial for civil cases in the District of Delaware is 27.55 months, while the average time to trial for civil cases in the Southern District of California is 30.2 months.  (Shah Decl. Ex. 9.)  Similarly, the average time to disposition of the case for civil cases in the District of Delaware is 11.3 months, while the average time to disposition in the Southern District of California for civil cases is 6.2 months.  (Shah Decl. Ex. 10.)  The median times from filing to completion are comparable.

Since August 27, 2010, however, only 212 patent cases have been filed in the Southern District of California, yielding an average of roughly 13 patent cases per district judge.  (*See* Shah Decl. Ex. 11.)  By contrast, in the same time frame 1,110 patent cases have been filed in this District, with 253 of them being sent specifically to these chambers.  (*See* Shah Decl. Ex. 12.)  Although Mitchell does not question the ability of this Court to handle such a caseload, it would nevertheless seem more efficient for this case to be transferred to the district where it is more naturally rooted and which is also less congested with complex patent disputes. Accordingly, this factor weighs in favor of transfer

### 4.   Local Interest in the Controversy

The local interest of having localized controversies decided at home weighs heavily in favor of transfer.  As the Federal Circuit recently explained, "if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in the venue's favor." *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010); *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 1999) ("[w]hile the same of an accused

product offered nationwide does not give rise to a substantial interest in any single venue, if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighted in that venue's favor"); *see also Dahl v. United Techs. Corp.*, 632 F.2d 1027, 1032 (3d Cir. 1980) ("[t]he only contact that Delaware has with this case is that it is [the defendant's] state of incorporation . . . We therefore conclude that the commitment of Delaware judicial time and resources to this case is not justified by any nexus Delaware has with what is essentially a Norwegian case.")

The factual connections to California in this case are overwhelming.  The locus of the alleged harm is Southern California, the region from which Mitchell's accused service originates and where the people responsible for its development and marketing are located.  (Mitchell Decl., ¶¶ 1-2, 5-7.)  California is where the majority of Mitchell employees who would truly be affected by the outcome of this controversy are located, including those directly involved in the design, development, and/or manufacture of the accused technology who would offer relevant testimony at trial.  (*Id.*)  These circumstances establish that the Southern District of California has an undeniably high local interest in this dispute, which favors transfer.

### 5.     Public Policies of the Fora

The District of Delaware and the Southern District of California do not have any special public policies in the fora that would favor one forum over the other.  Thus, this factor is neutral with respect to transfer.

### 6.     Court's Familiarity of the Relevant State Law

This is a patent case governed by federal, not state law.  Therefore this last factor is neutral with respect to transfer.

## VI.     CONCLUSION

This case could have and should have been filed in the Southern District of California.

Most of the private and public interest factors favor transfer to the Southern District of

California.  None of the factors counsel against transfer.  For all the foregoing reasons, Mitchell

respectfully requests the Court grant its motion to transfer this case to the Southern District of

California.

Dated: October 17, 2012                          Respectfully submitted,

                                                 */s/ Colm F. Connolly*
                                                 Colm F. Connolly (#3151)
                                                 MORGAN, LEWIS & BOCKIUS LLP
                                                 1007 North Orange Street
                                                 Suite 501
                                                 Wilmington, DE 19801
                                                 (302) 574-7290
                                                 cconnolly@morganlewis.com

                                                 Jason C. White
                                                 Mansi Shah
                                                 MORGAN, LEWIS & BOCKIUS LLP
                                                 77 West Wacker Drive
                                                 Chicago, IL 60601
                                                 (312) 324-1000
                                                 jwhite@morganlewis.com
                                                 mshah@morganlewis.com

                                                 *Attorneys for Defendant Mitchell*
                                                 *International, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing is being filed electronically on October 17,

2012.  Notice of this filing will be sent to all counsel by operation of the Court's electronic filing

system.  Parties may access this filing through the Court's system.

 */s/ Colm F. Connolly* 
Colm F. Connolly (#3151)