**IRELL & MANELLA LLP**
Morgan Chu (#70446)
mchu@irell.com
1800 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

David C. McPhie (#231520)
dmcphie@irell.com
Patrick McGill (#284332)
pmcgill@irell.com
David B. Clark (#275204)
dclark@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

*Attorneys for Plaintiff Audatex North America, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDATEX NORTH AMERICA, INC., | Case No. 13cv1523-BEN (BLM) |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES RE: PLAINTIFF AUDATEX NORTH AMERICA, INC.'S MOTION TO COMPEL DISCOVERY REGARDING SOURCE CODE AND DAMAGES** |
| MITCHELL INTERNATIONAL, INC., | |
| Defendant. | |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3089116.7

Plaintiff Audatex North America, Inc.'s
Motion to Compel Discovery
Case No. 13cv1523–BEN (BLM)

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................1

II. BACKGROUND ............................................................................................3

III. LEGAL STANDARD .....................................................................................4

IV. ARGUMENT ..................................................................................................4

    A. Interrogatory No. 1—Non-Infringement Contentions .........................5

    B. Interrogatory No. 8—Source Code Roadmap......................................7

    C. Interrogatory No. 15 and RFP Nos. 34–38—Damages ........................9

V. CONCLUSION ..............................................................................................11

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3089116.7 01

- i -

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3Com Corp. v. D-Link Systems, Inc.*,
 2007 WL 949596 (N.D. Cal. Mar. 27, 2007) .................................................... 10

*Apple Inc. v. Samsung Elecs. Co.*,
 2013 WL 1563253 (N.D. Cal. Apr. 12, 2013) ............................................... 6, 8

*Caterpillar, Inc. v. Detroit Diesel, Corp.*,
 1998 WL 33165848 (N.D. Ind. Jan. 24, 1997) ........................................ 10, 11

*Emcore Corp. v. Optium Corp.*,
 2007 WL 852557 (W.D. Pa. Mar. 16, 2007) ..................................................... 5

*Facedouble, Inc. v. Face.com, Inc.*,
 2014 WL 585868 (S.D. Cal. Feb. 13, 2014) ..........................................4, 6, 7, 8

*G Vincent Ltd. v. Dux Area Inc.*,
 2009 WL 5125387 (W.D. Wash. Dec. 18, 2009) ............................................. 5

*Haworth, Inc. v. Herman Miller, Inc.*,
 162 F.R.D. 286, 288–89 (W.D. Mich. 1995) .................................................. 11

*Laserdynamics, Inc. v. Asus Computer Int'l*,
 2009 WL 153161 (E.D. Tex. Jan. 31, 2009) ..................................................... 8

*Mintz v. Dietz & Watson, Inc.*,
 2008 WL 5147234 (S.D. Cal. Dec. 5, 2008) ................................................... 10

*Plantronics, Inc. v. Aliph, Inc.*,
 2014 WL 691193 (N.D. Cal. Feb. 21, 2014) ............................................ 10, 11

**Rules**

Federal Rule of Civil Procedure 33(d) ....................................................................... 8

Federal Rule of Civil Procedure 37(a)(3)(B) ............................................................. 4

Patent Local Rule 3.1(b) .................................................................................... 2, 3, 9

## I.    INTRODUCTION

Plaintiff Audatex filed this case against Mitchell over two and a half years ago, asserting infringement of three patents involving computerized systems for automobile insurance claim analysis. The Mitchell product accused of infringement comprises a set of computer hardware and software known as "WorkCenter."

As part of the ongoing discovery phase of the case, the parties have been conferring for months regarding certain Audatex interrogatories and requests for production for which Mitchell has declined to provide complete responses. Having reached an impasse on these issues despite extensive efforts, Audatex now moves to compel Mitchell to provide full responses to Audatex Interrogatory Nos. 1, 8, and 15, and Request for Production Nos. 34–38.

The questions presented in this motion are:

1. Must Mitchell respond to an interrogatory seeking a high-level roadmap of how Mitchell's own WorkCenter software code works, over an "undue burden" objection?

2. Must Mitchell identify the WorkCenter software code (if any) that supports its non-infringement contentions, over an "undue burden" objection?

3. Must Mitchell provide financial information for the entire accused WorkCenter product, over a "relevance" objection?

The answer to all three questions is "yes."

Regarding the WorkCenter software requests (the first two questions), the facts sought are centrally relevant to Audatex's claims of infringement against WorkCenter. Mitchell faces no real burden in providing these facts as Mitchell is obviously familiar with its own WorkCenter software code. This is in striking contrast to the daunting task Audatex faces in attempting to decipher Mitchell's large and complex software code base on its own. Moreover, Audatex's discovery

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3089116.7

- 1 -

Plaintiff Audatex North America, Inc.'s
Motion to Compel Discovery
Case No. 13cv1523–BEN (BLM)

requests are appropriately tailored.  Far from seeking encyclopedic responses on every last detail of the WorkCenter code, Audatex has requested simply (1) the basic, high-level facts on how the WorkCenter code works, and (2) the more specific facts (if any) that allegedly support Mitchell's non-infringement defenses.  It is entirely appropriate to expect Mitchell to undertake the minimal burden in providing this information given its high relevance to the case and the comparative difficulty faced by Audatex in deriving such information on its own.

On the third question regarding damages discovery, Mitchell's objection about the "relevance" of WorkCenter financial information is simply an attempt to improperly predetermine the outcome of Audatex's damages case.  Specifically, Mitchell hopes to limit its exposure by artificially limiting financial discovery to one particular *module* of the accused WorkCenter product.  But Audatex's infringement case against WorkCenter is not limited to any particular module—the entire WorkCenter product suite is named and accused in Audatex's Patent Local Rule 3.1(b) disclosures.  In any event, financial data for all of WorkCenter is relevant under the well-established "convoyed sales" doctrine, which permits infringement damages based on instrumentalities that do not themselves infringe but are integrated with or otherwise related to an accused product.  Even if the parties disagree on the proper scope of damages (as parties often do), that is no reason for Mitchell to unilaterally limit damages discovery based on a spurious "relevance" objection.

Mitchell's failure to provide discovery on these issues has already resulted in significant prejudice by causing further delay and frustrating Audatex's ability to develop its infringement and damages case.  The date for "substantial completion" of document discovery is long past, and the parties are now in the middle of claim construction.  Mitchell should not be permitted to stall this litigation any longer.

Accordingly, Audatex moves to compel Mitchell to provide source code citations as requested by Interrogatory Nos. 1 and 8, and to produce and identify

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3089116

- 2 -

Plaintiff Audatex North America, Inc.'s
Motion to Compel Discovery
Case No. 13cv1523–BEN (BLM)

sales and financial documents related to the accused products pursuant to RFP Nos. 34–38 and Interrogatory No. 15.[1]

## II.   BACKGROUND

Audatex is a leader in the field of automobile insurance estimation and loss valuation products and services, and Mitchell is one of its competitors.  Over the past decade, Audatex has developed and patented multiple inventions that allow customers to more easily and efficiently obtain vehicle valuation reports.  Audatex asserted its patents against Mitchell in a complaint filed on February 6, 2012.  Dkt. No. 1.  The complaint specifically alleged that Mitchell was infringing Audatex's patents through the manufacture, use, and sale of "Mitchell's 'WorkCenter' software and related services."  *Id.* at 2.

Following completion of transfer proceedings, Audatex served initial patent disclosures on Mitchell.  Ex. A.[2]  As part of these contentions, pursuant to Patent Local Rule 3.1(b), Audatex again identified "WorkCenter" as an accused product.  *Id.* at 2.  Audatex later reiterated this identification of WorkCenter in its amended infringement contentions, and even indicated further that the accused WorkCenter product suite included—but was not limited to—the "Total Loss" product.  *See* Ex. B at 3–4.

In February 2014, Audatex served the requests for production and interrogatories at issue in this motion.  However, Mitchell refused to provide complete responses to many of these discovery requests.  For example, in response to Interrogatory Nos. 1 and 8 requesting information regarding the accused WorkCenter product, Mitchell refused to provide *any* source code information.  *See generally* Exs. C, D.  Similarly, for Audatex's interrogatories and requests for

---

[1] Audatex focuses on certain discrete issues in this motion for efficiency, but reserves the right to seek future relief from other Mitchell discovery deficiencies.

[2] "Ex. __" refers to exhibits attached to the Declaration of Patrick McGill, submitted herewith.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3089116

- 3 -

Plaintiff Audatex North America, Inc.'s
Motion to Compel Discovery
Case No. 13cv1523–BEN (BLM)

production of WorkCenter financial and sales information, Mitchell refused to provide *any* sales data for the WorkCenter product suite as a whole, or for any WorkCenter module other than Total Loss.  *See* Ex E at 22–23; McGill Decl. ¶ 15.

These and other deficient discovery responses have been the subject of ongoing meet-and-confer efforts, including an in-person meet-and-confer on May 5, 2014.  *See* Ex. F.  Even after that meeting, Audatex continued to try to work with Mitchell to obtain the withheld information, to no avail.  *See, e.g.*, Exs. G, H.  Accordingly, after months of meet-and-confer efforts and Mitchell's consistent refusal to meaningfully respond to these requests, Audatex now moves to compel Mitchell to comply with its discovery obligations.

## III.   LEGAL STANDARD

"The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery of any nonprivileged matter that is relevant to any party's claim or defense . . . ."  *Facedouble, Inc. v. Face.com, Inc.*, 2014 WL 585868, at *1 (S.D. Cal. Feb. 13, 2014).  "Relevant information for discovery purposes includes any information reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  A party seeking discovery may move to compel "if a party fails to answer an interrogatory submitted under Rule 33" or if a party "fails to permit inspection [of documents or tangible things]—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

## IV.   ARGUMENT

Despite receiving Audatex's discovery requests more than six months ago, Mitchell has refused to provide information regarding the WorkCenter code as requested by Interrogatory Nos. 1 and 8, or to provide sales and financial information related to the accused products for RFP Nos. 34–38 and Interrogatory No. 15.  Audatex now specifically addresses these requests in turn.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3089116

- 4 -

Plaintiff Audatex North America, Inc.'s
Motion to Compel Discovery
Case No. 13cv1523–BEN (BLM)

### A. Interrogatory No. 1—Non-Infringement Contentions

Interrogatory No. 1 requests that Mitchell "[s]tate the complete basis for [its] denial that Mitchell infringes any of the claims of the patents-in-suit, including directly, indirectly, literally and by the doctrine of equivalents, including by identifying all relevant facts, documents, *source code* (by file name and line number), and persons with relevant knowledge." Ex. C at 2–5. In short, Interrogatory No. 1 requires Mitchell to provide substantive non-infringement contentions supported by references to documentary evidence—including facts regarding source code—that would be sufficient for Audatex to understand and evaluate those contentions. Mitchell has refused to provide this information, and its current response provides little more than blanket denials that particular claim elements are found in the accused products.[3]

Courts have ruled that requests for non-infringement contentions must be met by more than "disclosures consist[ing] of nothing more than a chart reciting various claim terms, and utterly unexplained denials of infringement." *G Vincent Ltd. v. Dux Area Inc.*, 2009 WL 5125387, at *1–*2 (W.D. Wash. Dec. 18, 2009); *see also, e.g.*, *Emcore Corp. v. Optium Corp.*, 2007 WL 852557, at *2 (W.D. Pa. Mar. 16, 2007) (compelling a "more definite and complete non-infringement contentions" where defendant merely denied infringement and recited back the portion of the claim allegedly not covered).

Thus, to fulfill its discovery obligations, Mitchell must not only state what claim elements it contends are not covered, *but also detail the factual basis for its contentions*. *See G Vincent Ltd.*, 2009 WL 5125387 at *1–*2 (requiring for each

---

[3] The parties have continued to meet and confer as to the narrative portion of Mitchell's response to Interrogatory No. 1. Because of these meet and confer efforts and Mitchell's agreement to supplement this portion of its response, this motion does not address all deficiencies in Mitchell's narrative response. Audatex reserves all rights to seek future relief from the Court for the remainder of Mitchell's response to Interrogatory No. 1 should its response remain deficient.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3089116

- 5 -

Plaintiff Audatex North America, Inc.'s
Motion to Compel Discovery
Case No. 13cv1523–BEN (BLM)

asserted claim element: "either an admission that the accused product contains the element or a denial that set[s] forth *in detail* the basis for that contention") (emphasis added). Accordingly, Mitchell must provide the factual basis for any denials of infringement, including source code citations to the extent that Mitchell's non-infringement contentions are based on source code. *See, e.g.*, *Facedouble*, 2014 WL 585868 at *2 (requiring defendant to reference "appropriate sections of the source code" to support its narrative response to an interrogatory). Simply put, if Mitchell believes that Audatex's view of the infringing nature of Mitchell's code is incorrect in any way, Mitchell should say so now, so that the issue can be properly vetted through remaining discovery in this case.[4]

Further, any argument that this interrogatory is somehow premature or otherwise inappropriate at this stage of the litigation is meritless. "[A] contention interrogatory [even] during the early stages of litigation is appropriate where the responses to the interrogatory would 'contribute meaningfully' to: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) providing a substantial basis for a motion under Rule 11 or Rule 56." *Facedouble*, 2014 WL 585868 at *2. And as for non-infringement contentions in particular, "[c]ourts have found requiring a defendant to answer a non-infringement contention interrogatory is not premature where the plaintiff has already provided its infringement contention with corresponding claim charts, which allow the defendant to respond accordingly." *Id.*

---

[4] Because Audatex is asking only for targeted source code information regarding Mitchell's own ***non-infringement*** contentions, this presents a very different situation from that in a case cited by Mitchell, *Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 1563253 (N.D. Cal. Apr. 12, 2013). In that case, the patentee sought source code information for ***infringement*** contentions that the ***patentee*** had drafted. *Id.* at *1–2. Here, Audatex is simply seeking any source code support for Mitchell's own contentions, which of course Mitchell is best situated to provide.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3089116

- 6 -

Plaintiff Audatex North America, Inc.'s
Motion to Compel Discovery
Case No. 13cv1523–BEN (BLM)

This case is certainly at a sufficiently advanced stage to expect answers to these contention interrogatories. The complaint was filed two and a half years ago, the deadline for "substantial completion" of document discovery has long since passed, and the parties have exchanged patent rule contentions, preliminary and responsive claim construction contentions, technical documents, and other discovery. This case is not at an "early stage," and nothing should preclude Mitchell from providing its full non-infringement contentions, including any allegedly supporting source code citations. Full disclosure of the basis for these contentions will be of immense help to the parties in clarifying the points of dispute regarding the code (if any), which will streamline deposition discovery and other discovery remaining in the case. *See Facedouble*, 2014 WL 585868 at *2.

### B.   Interrogatory No. 8—Source Code Roadmap

Interrogatory No. 8 requests that Mitchell identify relevant witnesses, documents, and source code excerpts that describe the operation of certain identified features and functionalities of the accused products. Ex. D at 13–14. Specifically, Interrogatory No. 8 refers to Interrogatory Nos. 4–7, which sought a high-level narrative regarding relevant aspects of the operation of the WorkCenter product. Mitchell provided at least partial responses to Interrogatory Nos. 4–7. But Mitchell refused to respond to Audatex's further Interrogatory No. 8 asking Mitchell to simply connect these earlier narrative responses to the actual facts regarding Mitchell's WorkCenter code. *See id.*[5] Mitchell's refusal to provide this information has significantly prejudiced Audatex's ability to investigate and confirm its infringement analysis of Mitchell source code. Put simply, without the requested "roadmap" of Mitchell's code, it is highly difficult for Audatex and its technical consultants to confirm that their analysis is on the right path.

---

[5] Again, this motion does not at this time address any other deficiencies in Mitchell's narrative responses to Interrogatory Nos. 4-8. Audatex reserves its right to seek future relief from the Court regarding these responses.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3089116

- 7 -

Plaintiff Audatex North America, Inc.'s
Motion to Compel Discovery
Case No. 13cv1523–BEN (BLM)

Courts in this district and others have held that interrogatory requests for similar source code "roadmaps" are proper and must be answered. *See, e.g.*, *Facedouble, Inc.*, 2014 WL 585868, at *2 (ordering defendant to provide "a guide or road map to its source code to Plaintiff," noting that regardless of the roadmap's form, "appropriate sections of the source code should be referenced in the response"); *Laserdynamics, Inc. v. Asus Computer Int'l*, 2009 WL 153161, at *3 (E.D. Tex. Jan. 31, 2009) (ordering identification of "requested source code functionality with specificity" where defendant provided a narrative interrogatory response but failed to identify source code page and line numbers).

Mitchell attempts to evade its discovery obligations by relying on Federal Rule of Civil Procedure 33(d) and claiming that merely providing access to its source code is sufficient. This reliance is misplaced. Rule 33(d) "is available only if the burden of ascertaining the answer to the interrogatory is substantially the same for both parties." *Facedouble, Inc.*, 2014 WL 585868, at *2. And here, Audatex "bears a substantially greater burden in determining how Defendant's software works by examining Defendant's source code than does Defendant. After all, engineers employed by Defendant wrote the code with an object in mind." *Id.*[6]

Indeed, the expense and overall burden for Audatex to learn the functionality of Mitchell's products would be immense without the guidance requested in this interrogatory. By contrast, Mitchell's engineers have immeasurable experience with their own products and are therefore in a position to efficiently provide Audatex

---

[6] The "burden" involved in setting out the basic roadmap that Audatex seeks is again very different from the burden presented in Mitchell's *Apple* case. In that case, the interrogatory at issue demanded identification of source code for each of the accused features set forth in the patentee's infringement contentions comprising "nearly 13,000 pages, covering eight asserted patents against 26 devices." *Apple*, 2013 WL 1563253 at *1–2. In this case, Audatex has repeatedly assured Mitchell that it is seeking only a high-level "roadmap," summary, or guide to the code for each of the four general categories of functionality set forth in Interrogatory Nos. 4-7. *See* Ex. H; McGill Decl. ¶ 16.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3089116

- 8 -

Plaintiff Audatex North America, Inc.'s
Motion to Compel Discovery
Case No. 13cv1523–BEN (BLM)

with the requested roadmap.  Indeed, Audatex's source code consultant has already spent over two weeks attempting to unravel the Mitchell source code.  The roadmap requested by Interrogatory No. 8 would greatly improve the efficiency of Audatex's ongoing review and analysis of the Mitchell code, and permit Audatex to properly evaluate and refine the analysis it has already performed.

### C.     Interrogatory No. 15 and RFP Nos. 34–38—Damages

Audatex RFP Nos. 34–38 and Interrogatory No. 15 request production and identification of sales and other financial documentation related to the accused Mitchell products.  *See* Ex. I at 11; Ex E at 22–23.  As discussed above, to date, Mitchell has refused to provide or identify *any* sales data for the WorkCenter product suite as a whole, or pertaining to any of the WorkCenter modules other than the Total Loss module—and has provided only minimal sales data even for that specific module.  *Id.* ¶ 15.

Mitchell has based its refusal to produce complete sales data on an apparent relevance objection, arguing that data for its entire WorkCenter product suite somehow does not relate to Audatex's infringement contentions.  Ex. H at 2.  This is incorrect for multiple reasons.  First, Audatex has specifically and repeatedly named Mitchell's WorkCenter suite *in its entirety* as an accused product.  Indeed, as required by Patent Local Rule 3.1(b), Audatex has specifically identified Mitchell's WorkCenter suite as the "accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') at issue.  *See* Patent L.R. 3.1(b); Ex. A at 3; Ex. B at 3–4 ("[T]he Mitchell Accused Products [include], without limitation, Mitchell's "WorkCenter" product suite—which features, among other things, the 'WorkCenter Total Loss' and 'UltraMate' (also known as 'Mitchell Estimating') products—and other related products and services sold by Mitchell.").  Further, Audatex has consistently reiterated this point in correspondence with Mitchell.  *See generally* Exs. H, J, & K.  Indeed, Mitchell itself has in other contexts tacitly conceded that the case is not limited to "Total Loss."  For example, in

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3089116

- 9 -

Plaintiff Audatex North America, Inc.'s
Motion to Compel Discovery
Case No. 13cv1523–BEN (BLM)

response to Audatex's request for source code for the accused products, Mitchell did not limit itself to source code for Total Loss—a point that Audatex specifically confirmed with Mitchell. Ex. L. In short, it is and always has been clear that the *entire* WorkCenter product is accused, and therefore sales data for the *entire* product is responsive and relevant. *See, e.g.*, *Mintz v. Dietz & Watson, Inc.*, 2008 WL 5147234, at *1 (S.D. Cal. Dec. 5, 2008) (request for business records including quantity and sales price of "all the accused products" is "a straightforward and fundamental request in a patent infringement matter"); *3Com Corp. v. D-Link Systems, Inc.*, 2007 WL 949596, at *3 (N.D. Cal. Mar. 27, 2007) ("worldwide sales and profits, for *all* versions of *all* accused products . . . are reasonably calculated to lead to the discovery of admissible evidence") (emphases added).

In any event, even if Audatex had only accused Mitchell's Total Loss module of infringement, sales data for the entire WorkCenter product suite would still be relevant to Audatex's damages case under, for example, a "convoyed sales" damages theory. As the Federal Circuit has explained:

> A "convoyed sale" refers to the relationship between the sale of a patented product and a functionally associated non-patented product. A patentee may recover lost profits on unpatented components sold with a patented item, a convoyed sale, if both the patented and unpatented products together were considered to be components of a single assembly or parts of a complete machine, or they together constituted a functional unit.

*Plantronics, Inc. v. Aliph, Inc.*, 2014 WL 691193, at *3 (N.D. Cal. Feb. 21, 2014) (internal citations and quotations omitted).

Thus, under this doctrine, even if Audatex had only named Mitchell's Total Loss module as an accused product (which it did not), Audatex can still recover damages under a convoyed sales theory for the entire WorkCenter product suite by showing that, for example, the Total Loss module is a component of a single functional unit. *See Caterpillar, Inc. v. Detroit Diesel, Corp.*, 1998 WL 33165848,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3089116

- 10 -

Plaintiff Audatex North America, Inc.'s
Motion to Compel Discovery
Case No. 13cv1523–BEN (BLM)

at *5 (N.D. Ind. Jan. 24, 1997) (discovery requests for "sales, marketing, cost, and profit information" related to a truck engine that incorporated the accused engine component were proper under convoyed sales theory); *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 286, 288–89 (W.D. Mich. 1995) (convoyed sales of freestanding furniture related to the allegedly infringing wall panel were discoverable for purposes of proving plaintiff's damages theory); *Plantronics, Inc. v. Aliph, Inc.*, 2014 WL 691193, at *3 (N.D. Cal. Feb. 21, 2014) (damages expert's opinion that "leverage[d] the small earbud item to reach sales of the vastly more expensive bluetooth mobile headset" was proper and could be presented to the jury). And here, documentation produced to date in this litigation demonstrates not only that the Total Loss module is a functional component of the larger WorkCenter product suite, but also that Mitchell holds it out to the public as being so. *See, e.g.*, Ex. M at 2–3.

In short, by withholding financial data for the entire WorkCenter suite, Mitchell seeks to improperly redefine the scope of accused products and prematurely limit Audatex's damages theories. Of course, to the extent the parties have any continuing disagreement about the proper scope of damages, Mitchell will have the opportunity in the future to present evidence and attempt to persuade the jury that Mitchell's view of damages is correct. At this stage of the litigation, however, Mitchell is obligated to produce the financial information that Audatex will use to help persuade the jury otherwise. This information is undeniably discoverable under the broad "relevance" standard. *See Caterpillar,* 1998 WL 33165848, at *5.

## V. CONCLUSION

For the reasons stated above, Audatex moves for this Court to compel Mitchell to provide source code citations as requested by Interrogatory Nos. 1 and 8, and to produce and identify sales and financial documents related to the accused products pursuant to RFP Nos. 34–38 and Interrogatory No. 15. Audatex also

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3089116

- 11 -

Plaintiff Audatex North America, Inc.'s
Motion to Compel Discovery
Case No. 13cv1523–BEN (BLM)

1  requests that the Court award Audatex all costs and attorney's fees incurred in
2  connection with this Motion.  At the Court's request, undersigned counsel will
3  submit documentation as appropriate setting forth such costs and fees.

5  Dated:  August 15, 2014                    Respectfully submitted,

6                                             IRELL & MANELLA LLP

7                                             By: */s/ David Clark*

8                                                 Morgan Chu (#70446)
                                                  mchu@irell.com
9                                                 1800 Avenue of the Stars, Suite 900
10                                                Los Angeles, CA  90067
                                                  Telephone: (310) 277-1010
11                                                Facsimile: (310) 203-7199

13                                                David C. McPhie (#231520)
                                                  dmcphie@irell.com
14                                                Patrick McGill (#284332)
                                                  pmcgill@irell.com
15                                                David B. Clark (#275204)
16                                                dclark@irell.com
                                                  840 Newport Center Drive, Suite 400
17                                                Newport Beach, CA  92660
18                                                Telephone: (949) 760-0991
                                                  Facsimile: (949) 760-5200
19
20                                                *Attorneys for Plaintiff Audatex North*
                                                  *America, Inc.*

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

3089116

- 12 -

Plaintiff Audatex North America, Inc.'s
Motion to Compel Discovery
Case No. 13cv1523–BEN (BLM)

# **PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324. I declare that I am a member of the bar of this Court.

On August 15, 2014, I served the foregoing document described as **PLAINTIFF AUDATEX NORTH AMERICA, INC.'S MOTION TO COMPEL DISCOVERY** on each interested party, as follows:

☒ (BY E-FILE): I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Mario Moore | Colm Connolly |
| mario.moore@morganlewis.com | cconnolly@morganlewis.com |
| 5 Park Plaza, Suite 1750 | 1007 Orange Street, Suite 501 |
| Irvine, CA 92614 | Wilmington, DE 19801 |
| Tel: (949) 399-7000 | Tel: (302) 574-3000 |
| Fax: (949) 399-7001 | Fax: (302) 574-3001 |

Jason C. White
jwhite@morganlewis.com
David N. Patariu
dpatariu@morganlewis.com
Mansi H. Shah
mshah@morganlewis.com
77 West Wacker Drive
Chicago, IL 60601
Tel: (312) 324-1000, Fax: (312) 324-10001

*Attorneys for Defendant Mitchell International, Inc.*

Executed on August 15, 2014, at Newport Beach, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

|  |  |
|---|---|
| David B. Clark | |
| (dclark@irell.com) | */s/ David B. Clark* |
| (Type or print name) | (Signature) |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3089116.7