# EXHIBIT C

MORGAN, LEWIS & BOCKIUS LLP
Mario Moore (SBN 231644)
mario.moore@morganlewis.com
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel.: 949.399.7000
Fax: 949.399.7001

MORGAN, LEWIS & BOCKIUS, LLP
Jason C. White (admitted *Pro Hac Vice*)
jwhite@morganlewis.com
77 West Wacker Drive
Chicago, IL 60601
Tel: 312.324.1000
Fax: 312.324.1001

Attorneys for Defendant
Mitchell International, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDATEX NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MITCHELL INTERNATIONAL, INC., <br><br> Defendant. | Case No. 3:13-cv-01523-BEN-BLM <br><br> **JURY TRIAL DEMANDED** <br><br> **DEFENDANT MITCHELL INTERNATIONAL, INC.'S FIFTH SUPPLEMENTAL RESPONSE TO PLAINTIFF AUDATEX NORTH AMERICA, INC.'S FIRST SET OF INTERROGATORIES (NO. 1)** |

| | |
|---|---|
| **PROPOUNDING PARTY:** | Plaintiff Audatex North America, Inc. |
| **RESPONDING PARTY:** | Defendant Mitchell International, Inc. |
| **SET NO.:** | One (1) |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Mitchell International, Inc. ("Mitchell" or "Defendant") hereby serves these Fifth Supplemental Objections and Responses to Plaintiff Audatex North America, Inc.'s ("Audatex" or "Plaintiff") First Set of Interrogatories (No. 1).

## GENERAL OBJECTIONS AND OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Mitchell incorporates by reference the applicable General and Specific Objections set forth in its Responses to Plaintiff's First Set of Interrogatories, dated March 17, 2014, including without limitation any reservations of rights therein.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

State the complete basis for your denial that Mitchell infringes any of the claims of the patents-in-suit, including directly, indirectly, literally and by the doctrine of equivalents, including by identifying all relevant facts, documents, source code (by file name and line number), and persons with relevant knowledge.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Mitchell objects to this Interrogatory to the extent it is premature, as discovery is ongoing and it seeks Mitchell's complete contentions regarding non-infringement. Mitchell further objects to this Interrogatory as premature to the extent that it calls for expert opinion or testimony. Mitchell further objects to this Interrogatory as overbroad and unduly burdensome including, without limitation, to the extent it seeks "all relevant facts, documents, source code (by file name and line number), and persons with relevant knowledge" and to the extent it fails to identify any specific infringing products. Mitchell also objects to this Interrogatory to the extent that it purports to be a single Interrogatory, but contains multiple subparts.

Mitchell also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Mitchell further objects to this Interrogatory to the extent it seeks the production of information regarding source code not in accordance with the terms of the Protective Order entered in this case.

Subject to these objections and the General Objections set forth above, Mitchell states that UltraMate is not properly accused of infringement. Mitchell's UltraMate product has no relevance to the claims of the patents-in-suit given that any data input by an UltraMate user is input off-line and not through a website.

Mitchell further states that the Mitchell accused product, WorkCenter, does not infringe the patents-in-suit directly, indirectly, literally, and/or by the doctrine of equivalents. Mitchell's WorkCenter products does not infringe the patents-in-suit at least because it does not perform certain recited steps in the method claims or include certain limitations recited in the system/device/computer program claims. The steps and limitations absent from the accused WorkCenter product include, without limitation, the following:

1. Mitchell does not provide "a market value for the damaged vehicle" as required by the claims of the '740 patent or a "valuation report of/for a damaged vehicle" as required by the claims of the '513 and '038 patents because the accused WorkCenter product attempts to determine a value of a vehicle that excludes damage done to the vehicle.

2. Mitchell does not "transmit[] a uniform resource locator," as required by claim 1 of the '740 patent and its dependent claims because Mitchell does not initiate requests to utilize the accused WorkCenter product, as required by the claim;

3. Mitchell does not "enter[] data relating to an insurance claim," as required by claim 1 of the '740 patent and its dependent claims

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

2

DEF.'S SUPPLEMENTAL RESPONSES TO
FIRST SET OF INTERROGATORIES
CASE NO. 3:13-CV-01523-BEN-BLM

because Mitchell does not initiate requests to utilize the accused WorkCenter product, as required by the claim;

4. Mitchell does not "transmit[] the valuation report to the client computer," as required by claim 1 of the '740 patent, claim 1 of the '513 patent, and claim 1 of the '038 patent and their dependents because no reports are transmitted by Mitchell, as required by the claims;

5. Mitchell does not transmit the valuation report "to a plurality of client computers," as required by claim 7 of the '740 patent, claim 7 of the '513 patent, and claim 7 of the '038 patent and their dependents because no reports are transmitted by Mitchell, as required by the claims;

6. Mitchell does not make, use, offer for sale, or sell "an electronic communication network," as required by claim 10 of the '740 patent and its dependent claims;

7. Mitchell does not make, use, offer for sale, or sell "a plurality of web pages which allow for receipt of data relating to an insurance claim for a damaged vehicle and transmission of a valuation report for the damaged vehicle," as required by claim 10 of the '740 patent and its dependent claims because the accused WorkCenter product does not utilize web pages that allow for receipt of data and also transmit a valuation report, as required by the claim;

8. Mitchell does not make, use, offer for sale, or sell "a client computer," as required by claim 10 of the '740 patent, claim 10 of the '513 patent, and claim 10 of the '038 patent and their dependent claims;

9. Mitchell does not make, use, offer for sale, or sell "valuation server web pages," as required by claims 13-16 of the '740 patent;

10. Mitchell does not make, use, offer for sale, or sell "[a] server for . . .

causing transmission of a valuation report for the damaged vehicle," as required by claim 18 of the '740 patent and its dependent claims, because the accused WorkCenter product does not cause the transmission of a valuation report, as required by the claim;

11. Mitchell does not make, use, offer for sale, or sell "web pages [that] allow for receipt of data relating to an insurance claim for a damaged vehicle and transmission of a valuation report for the damaged vehicle," as required by claims 18 and 24 of the '740 patent and their dependent claims because the accused WorkCenter product does not utilize web pages that allow for receipt of data and also transmit a valuation report, as required by the claims;

12. Mitchell does not make, use, offer for sale, or sell "[a] computer program storage medium that can cause a computer to receive data relating to an insurance claim for a damaged vehicle and transmission of a valuation report for the damaged vehicle," as required by claim 24 of the '740 patent , claim 25 of the '513 patent, claim 25 of the '038 patent and their dependent claims because a computer storage medium alone cannot cause a computer to perform any function;

13. Mitchell does not make, use, offer for sale, or sell "at least one web page which allows for receipt of data relating to an insurance claim for a damaged vehicle and transmission of a valuation report for the damaged vehicle," as required by claim 10 of the '513 patent, claim 10 of the '038 patent and their dependent claims because the accused WorkCenter product does not utilize a web page that allows for receipt of data and also transmit a valuation report, as required by the claims;

14. Mitchell does not make, use, offer for sale, or sell a "web page [that] allows for receipt of data relating to an insurance claim for a damaged vehicle and transmission of a valuation report for the damaged

4

DEF.'S SUPPLEMENTAL RESPONSES TO
FIRST SET OF INTERROGATORIES
CASE NO. 3:13-CV-01523-BEN-BLM

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

vehicle," as required by claim 18 of the '513 patent, claim 18 of the '038 patent and their dependent claims because the accused WorkCenter product does not utilize web pages that allow for receipt of data and also transmit a valuation report, as required by the claim;

15. Mitchell does not "receiv[e] a vehicle year, a model and a geographical location," as required by claim 1 of the '038 patent and its dependent claims because the accused WorkCenter product does not utilize this information to generate a valuation report, as required by the claims; and

16. Mitchell does not make, use, offer for sale, or sell a system, server, or computer storage medium that allows for the "transmission of a valuation report for the damaged vehicle that is automatically generated with said data, said data includes a vehicle year, a model and a geographic location," as required by claims 10, 18, and 25 of the '038 patent and their dependent claims because the accused WorkCenter product does not utilize this information to generate a valuation report, as required by the claims.

Mitchell further incorporates by reference its forthcoming expert report on non-infringement, which will be produced in accordance with the scheduling order entered by the Court.

Mitchell's investigation is ongoing and Mitchell will update this response, if necessary, in accordance with the Federal Rules of Civil Procedure.

Dated:    August 6, 2014            MORGAN, LEWIS & BOCKIUS LLP

                                    By  s/ Mario Moore
                                        Mario Moore

                                    Attorneys for Defendant
                                    MITCHELL INTERNATIONAL, INC.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

5

DEF.'S SUPPLEMENTAL RESPONSES TO
FIRST SET OF INTERROGATORIES
CASE NO. 3:13-CV-01523-BEN-BLM

**CERTIFICATE OF SERVICE**
*Audatex North America, Inc. v. Mitchell International, Inc.*
USDC – Southern District, Case No. 3:13-cv-01523-BEN-BLM

I am a citizen of the United States, a resident of the State of California and employed in Orange County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 5 Park Plaza, Suite 1750, Irvine, CA 92614.

On August 6, 2014, I served a copy of the within document(s):

**DEFENDANT MITCHELL INTERNATIONAL, INC.'S FIFTH SUPPLEMENTAL RESPONSES TO PLAINTIFF AUDATEX NORTH AMERICA, INC.'S FIRST SET OF INTERROGATORIES (NO. 1)**

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL:** by placing the document(s) listed above in a sealed **FEDERAL EXPRESS** envelope, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

☐ **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED:** by placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon full prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

☐X **BY ELECTRONIC SERVICE**: the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on August 6, 2014. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is mario.moore@morganlewis.com.

☐ **BY E-FILE**: I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

6

PROOF OF SERVICE
CASE NO. 3:13-CV-01523-BEN-BLM


| ATTORNEY | ATTORNEY FOR: | SERVED VIA |
|---|---|---|
| David C. McPhie (231520)<br>dmcphie@irell.com<br>David B. Clark (275204)<br>dclark@irell.com<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br>Telephone: (949) 760-0991<br>Facsimile: (949) 760-5200 | Plaintiff Audatex North America, Inc. | E-mail |

Executed on August 6, 2014, at Irvine, California.

I declare under penalty of perjury under the laws of the State of California that I am a member of the bar of this Court and that the above is true and correct.

                                                s/ Mario Moore
                                                Mario Moore

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE