1  **IRELL & MANELLA LLP**
   Morgan Chu (#70446)
2  mchu@irell.com
3  1800 Avenue of the Stars
   Los Angeles, CA 90067
4  Telephone: (310) 277-1010
5  Facsimile: (310) 203-7199

6
   David C. McPhie (#231520)
7  dmcphie@irell.com
   Patrick McGill (#284332)
8  pmcgill@irell.com
9  David B. Clark (#275204)
   dclark@irell.com
10 840 Newport Center Drive, Suite 400
11 Newport Beach, CA 92660
   Telephone: (949) 760-0991
12 Facsimile: (949) 760-5200

13
14 *Attorneys for Plaintiff*
   *Audatex North America, Inc.*
15

16             UNITED STATES DISTRICT COURT

17            SOUTHERN DISTRICT OF CALIFORNIA

18

19 AUDATEX NORTH AMERICA, INC.,      )  Case No. 13cv1523-BEN (BLM)
                                     )
20          Plaintiff,               )  **AUDATEX'S REPLY IN SUPPORT**
                                     )  **OF MOTION TO COMPEL**
21                                   )  **DISCOVERY REGARDING**
                                     )  **SOURCE CODE AND DAMAGES**
22       v.                          )
                                     )
23                                   )
24 MITCHELL INTERNATIONAL, INC.,     )
                                     )
25          Defendant.               )
                                     )
26 _____      )

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3124108

Plaintiff Audatex's Reply to Mitchell's Opposition to
Audatex's Motion to Compel Discovery Regarding Source
Code and Damages
Case No. 13cv1523–BEN (BLM)

Mitchell's opposition fails to present any adequate justification for its repeated failure to produce basic technical and financial information falling squarely within the broad scope of material discoverable in this patent case. The Court should order Mitchell to provide discovery on each of the three categories of deficiencies raised in Audatex's motion: (1) identification of any source code relevant to Mitchell's own non-infringement contentions (Interrogatory No. 1); (2) a high-level "roadmap" to how the accused product source code operates (Interrogatory No. 8); and (3) financial information for the complete WorkCenter product (Interrogatory No. 15 and RFP Nos. 34–38).

## A. Mitchell Should Be Required To Identify Facts Regarding Source Code That It Believes Are Relevant To Its Non-Infringement Contentions

It is no undue burden to require an accused infringer to disclose the basic facts it believes support its non-infringement defenses.[1] Yet Mitchell contends it is entitled to withhold identification of certain relevant facts—i.e., facts relating to source code—to avoid an "extreme[] burden[]" on Mitchell. Opp. at 5:25–6:1.

In fact, Audatex's interrogatory imposes no such burden on Mitchell. There are only two possible scenarios: either Mitchell does not intend to rely on its source code as demonstrating non-infringement (in which case it needs only say so), or Mitchell **does** in fact believe that one or more of its non-infringement arguments is

---

[1] Mitchell claims that such an exercise "improperly shift[s] the burden to Mitchell to prove it does not infringe." Opp. at 6:1–2. It is not clear what Mitchell means by this statement. It is the patentee that bears the burden of proving infringement, and requiring a response to a proper contention interrogatory does not change that fact. Indeed, non-infringement contention interrogatories are common in patent cases. *See Facedouble, Inc. v. Face.com, Inc.*, 2014 WL 585868, at *2 (S.D. Cal. Feb. 13, 2014) (non-infringement contentions proper after infringement contentions served and clam construction positions known); *Stamps.Com, Inc. v. Endicia, Inc., PSI Systems Inc.*, 2009 WL 2576371 at *4 (C.D. Cal. May 21, 2009) (requiring a "non-infringement chart showing, on a claim by claim basis why the accused products do not infringe the patents in suit").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3124108

- 1 -

Plaintiff Audatex's Reply to Mitchell's Opposition to
Audatex's Motion to Compel Discovery Regarding Source
Code and Damages
Case No. 13cv1523–BEN (BLM)

1  supported by certain aspects of its source code (in which case it needs only point to
2  the code it has in mind).

3      In an attempt to show burden, Mitchell relies heavily on *Apple v. Samsung*
4  (Opp. at 5:7-13), but the case is easily distinguishable.  As explained in Audatex's
5  motion, Audatex is asking only for targeted source code support for Mitchell's **own**
6  non-infringement contentions.  This presents a very different situation from *Apple*,
7  in which (1) the patentee sought source code information for **infringement**
8  **contentions** that the **patentee** had drafted; and (2) the request concerned **13,000**
9  **pages** of infringement contentions covering **eight asserted patents** against **26**
10 **devices**.  2013 WL 1563253, at *1–2 (N.D. Cal. Apr. 12, 2013).  By contrast,
11 Mitchell's non-infringement contentions span less than four pages, which cover all
12 three Audatex patents-in-suit (and essentially one accused product).

13     The *Facedouble* case from this district is much closer to the present situation,
14 including its express approval of a contention interrogatory seeking supporting
15 citations to "appropriate sections of the source code."  *Facedouble*, 2014 WL
16 585868 at *2.  Mitchell does not even address this aspect of *Facedouble* in its
17 opposition brief.  Nor does it provide an answer to the common-sense reasoning that
18 a patentee "bears a substantially greater burden in determining how Defendant's
19 software works by examining Defendant's source code than does Defendant.  After
20 all, engineers employed by Defendant wrote the code with an object in mind."
21 Motion at 8:14–17 (citing *Facedouble*, 2014 WL 585868, at *2).

22     Mitchell offers a number of other arguments in opposing Audatex's motion to
23 compel on this point, none of which is persuasive.

24     For example, Mitchell accuses Audatex of seeking the requested information
25 because Audatex is allegedly "uncomfortable" with its consultant's work product
26 and wants Mitchell to "double check" it.  Opp. at 5:6 & n.2.  This accusation is
27 incorrect (and irrelevant).  Litigants regularly seek information about an opposing
28 party's positions on relevant issues in a case to probe those positions in preparation

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3124108

- 2 -

Plaintiff Audatex's Reply to Mitchell's Opposition to
Audatex's Motion to Compel Discovery Regarding Source
Code and Damages
Case No. 13cv1523–BEN (BLM)

for trial. That is what discovery is for. It is precisely because Audatex is confident in its infringement positions that it has challenged Mitchell to substantiate its contentions to the contrary. Mitchell must have a basis for the non-infringement defense in its answer, assuming it complied with Rule 11. *See, e.g.*, *G Vincent Ltd. v. Dux Area Inc.*, 2009 WL 5125387, at *2 (W.D. Wash. Dec. 18, 2009).

Mitchell also suggests that Audatex's non-infringement interrogatory is premature. Opp. at 6:18–7:3. Yet Mitchell has all the information it needs to provide a full response at this stage, including detailed information about Audatex's infringement contentions (complete with citations to Mitchell's source code) and the disclosure of both parties' claim construction positions. If Mitchell's non-infringement contentions are dependent on the outcome of the parties' claim construction disputes (as Mitchell suggests), then Mitchell can and should simply say so in its interrogatory response. In any event, Mitchell provides no authority to rebut Audatex's caselaw showing that non-infringement interrogatories are entirely proper at this stage of a patent case. *See Facedouble*, 2014 WL 585868, at *3 (after infringement contentions were served and claim construction positions were known, "Defendant cannot assert that it does not have sufficient information to formulate its non-infringement contentions."). Mitchell can provide much more than what it has in its current responses, which generally just quote or rephrase the claim language and offer cursory denials.[2]

Finally, Mitchell advances the unusual argument that, although answering an *interrogatory* with the requested source code facts would be "extremely

---

[2] Boilerplate non-infringement contentions are not permissible regardless of whether required under local rules or in response to a contention interrogatory; in either case, a defendant must provide more information than blanket denials and restatements of claim language. *See, e.g.*, *Stamps.Com*, 2009 WL 2576371 at *4 (accused infringer required to respond to contention interrogatory with a non-infringement chart including detailed reasons on a "claim by claim basis why the accused products do not infringe").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3124108

Plaintiff Audatex's Reply to Mitchell's Opposition to
Audatex's Motion to Compel Discovery Regarding Source
Code and Damages
Case No. 13cv1523–BEN (BLM)

burdensome," providing that same information in a ***deposition*** would not be.  Opp. at 5:14–6:2.  Mitchell never offers any basis for this unlikely belief, which is not self-evident.  In any event, the existence of alternative discovery vehicles does not excuse Mitchell from its duty to provide complete responses to the discovery vehicle Audatex has elected in this case.  There is no rule mandating that litigants seek discovery in the preferred format of an opposing party.  *See Taylor v. Atchison, Topeka and Santa Fe Railway Co.*, 33 F.R.D. 283, 285 (W.D. Mo. 1962) ("The various methods of discovery set out in Rules 26 through 36 of the Federal Rules of Civil Procedure were intended to be cumulative, rather than alternative or exclusive.").  Nor can Mitchell "simply delay answering interrogatories . . . merely to gain a tactical advantage."  *American Realty Trust, Inc. v. Matisse Partners, LLC*, 2002 WL 1489543, at *5 n.4 (N.D. Tex. July 10, 2002).  The Federal Rules make clear that, "[u]nless the court . . . orders otherwise, methods of discovery may be used in any sequence . . . ."  Fed. R. Civ. P. 26(d).  Mitchell is not entitled to dictate Audatex's discovery strategy by forcing Audatex to take a deposition before receiving complete interrogatory responses.  To the contrary, it makes far more sense for Audatex to go into deposition discovery with meaningful written discovery responses that will facilitate efficient questioning of Mitchell's engineers.[3]

In short, to the extent that Mitchell's non-infringement contentions are based on aspects of its own source code, Mitchell can and should fairly be required to identify that code.  The Court should order Mitchell to do so.

---

[3] The unpublished *Smartflash* case that Mitchell cites is also distinguishable from this case, where Audatex has already gone through the exercise of identifying relevant source code in the course of preparing its supplemental infringement contentions.  Indeed, *Smartflash* did not even involve a contention interrogatory at all, much less a targeted non-infringement contention interrogatory such as the one Audatex has propounded here.  As shown above, the *Facedouble* case from this district demonstrates that interrogatories are perfectly appropriate vehicles for seeking non-infringement contentions, including supporting source code information.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3124108

- 4 -

Plaintiff Audatex's Reply to Mitchell's Opposition to
Audatex's Motion to Compel Discovery Regarding Source
Code and Damages
Case No. 13cv1523–BEN (BLM)

## B. Mitchell Should Be Required To Provide A High-Level Roadmap Of Its Source Code, Which Would Provide Crucial Information Not Available From Other Discovery Provided To Date

Mitchell agrees that the essence of Audatex's interrogatory is to request a high-level "roadmap" of the Mitchell source code, and does not even attempt to address the authority in Audatex's opening brief finding such requests proper. *See* Motion at 8:1–9 (citing *Facedouble* and *Laserdynamics*). Mitchell nevertheless argues that no response to the interrogatory is warranted for two reasons: (1) Mitchell has already provided other information regarding operation of the accused software (albeit without reference to the source code), and (2) responding to the interrogatory would "burden" Mitchell because it would require time and assistance from busy Mitchell engineers. Neither of these arguments provides an adequate excuse to avoid Audatex's interrogatory.

First, Mitchell focuses on the fact that it has provided some information about the accused product—and indeed it has. Audatex does not dispute that Mitchell has produced some source code; that the code files have file names; that those files are stored in an intricate system of nested electronic folders that themselves have names; and that Audatex has been given tools for code review. *See* Opp. at 2:4–12, 7:9–11. But this was no more than what is expected and required in any source code review under a protective order like the one in this case. Unlike providing a roadmap, simply handing over Mitchell's code in this manner in no way ensures that Audatex can efficiently navigate and understand this code, which is precisely the goal of Audatex's interrogatory. *See Facedouble*, 2014 WL 585868, at *2 (ordering a "guide or road map" to source code when describing, in narrative form, the steps by which the accused technology performed relevant tasks). To use an analogy, it is as if Mitchell had directed Audatex to a massive warehouse full of cabinets and boxes of file folders with documents, without any sort of index or map for finding one's way around these materials. It would do little good in that situation to point to

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations
3124108

- 5 -

Plaintiff Audatex's Reply to Mitchell's Opposition to
Audatex's Motion to Compel Discovery Regarding Source
Code and Damages
Case No. 13cv1523–BEN (BLM)

the fact that the folders and boxes were all labeled, and that the inspecting party had been provided with a magnifying glass and flashlight. As is the case here, what is needed is a guide or roadmap that will make review meaningful and efficient.

Mitchell similarly points to the fact that it has produced (1) a few documents describing the operation of the accused software; (2) "narrative responses to three interrogatories where it described how the accused software operates"; and (3) a working demonstration version of Mitchell's software. *See* Opp. at 7:16–19. Mitchell again misses the point here, which is that Audatex is seeking information that will shed light on ***the actual source code that corresponds to the high-level functionalities*** described in other documents. The materials that Mitchell points to do not describe particular source code files or in any way explain how to find the source code that performs the functions described. Nor does Mitchell contend that these materials provide such information. Thus, the fact that Mitchell has provided these materials does not relieve it from the responsibility to answer what is fundamentally a ***different*** request—one seeking a roadmap or guide to the source code itself.

Mitchell's second argument—alleging an unwarranted "burden" on Mitchell in preparing the requested roadmap—is simply contrary to well-established law.[4] The appropriate question in this case is not whether responding to Audatex's interrogatory will require ***any*** burden; rather, if Mitchell seeks to rely on Rule 33(d), it must show that "the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). Mitchell plainly cannot satisfy this standard.[5] As explained in Audatex's motion, Mitchell's

---

[4] Notably, Mitchell does not submit any competent declaration from a Mitchell engineer or other evidence to support its claims of "burden."

[5] Contrary to the argument in Mitchell's lengthy footnote (Opp. at 8 n.3), the disparity of burdens in this case is self-evident, as demonstrated by the analysis in the closely analogous *Facedouble* case.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3124108

- 6 -

Plaintiff Audatex's Reply to Mitchell's Opposition to
Audatex's Motion to Compel Discovery Regarding Source
Code and Damages
Case No. 13cv1523–BEN (BLM)

engineers obviously have experience with their own products and are therefore in a far better position to efficiently provide Audatex with the requested roadmap. By contrast, the expense and overall burden for Audatex to learn the functionality of Mitchell's products from scratch and understand the structure of Mitchell's source code would be immense without the guidance requested in this interrogatory. *See Facedouble*, 2014 WL 585868, at *2; *Laserdynamics*, 2009 WL 153161, at *3.

Accordingly, it is not fair for Mitchell to simply point to its massive source code while refusing to provide the basic high-level information that will facilitate efficient review and analysis of that code by those we were not involved in its creation. Audatex's unrebutted caselaw (including from this district) demonstrates that Mitchell's refusal to respond is improper. Mitchell should be compelled to provide the requested source code roadmap.

## C. Mitchell Must Produce Financial Information Relating To The Accused Products Even If Inconsistent With Mitchell's Damages Theories

On the third and final issue, Mitchell seeks to turn this litigation on its head by presupposing the correctness of Mitchell's damages theories and then refusing to produce any discovery inconsistent with those theories. To the extent that disputes exist between the parties on these important issues, it is not proper to attempt to resolve them via a discovery motion, with an opposition supported by nothing more than a one-page declaration from an interested Mitchell employee.

Audatex is entitled to explore the foundation for plausible damages theories through discovery; it is not required to simply accept as true Mitchell's cherry-picked "facts" about the relationship among the WorkCenter modules included in the opposition and in Mr. Rosenstein's declaration. The Federal Rules provide ample mechanisms for parties to challenge the theories of their opponents in settings more appropriate than the context of a motion to compel. *See, e.g.*, *Barnes and Noble, Inc. v. LSI Corp.*, 2013 WL 131073, at *1 (N.D. Cal. Jan. 9, 2013) (ordering production of financial information relating to non-accused products once the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3124108

- 7 -

Plaintiff Audatex's Reply to Mitchell's Opposition to
Audatex's Motion to Compel Discovery Regarding Source
Code and Damages
Case No. 13cv1523–BEN (BLM)

plaintiff had articulated a plausible damages theory relating to that information: "[T]he damages theory may be unsound (or it may not), but the appropriate vehicle to challenge that is a *Daubert* challenge."); *Elan Microelectronics Corp. v. Apple, Inc.*, 2011 WL 4049378, at *2 (N.D. Cal. Sept. 9, 2011) (same).[6]

In any event, Mitchell's cursory attacks on Audatex's damages theories are not correct as a legal or factual matter. For example, Mitchell insists that Audatex has only accused Mitchell's "Total Loss" functionality despite repeated statements to the contrary, including in pleadings, infringement contentions, and correspondence between the parties. *See* Motion at 3–4, 9–10. Audatex's consistent identification of "WorkCenter" as the accused product throughout the entire case is much more than a "passing reference," as Mitchell contends. Indeed, the only reference to "Total Loss" in Audatex's supplemental Patent L.R. 3.1(b) disclosures is to make clear that the accused WorkCenter instrumentality is ***not*** limited to "Total Loss," but also includes (for example) the "Mitchell Estimating" functionality. Ironically, the argument presented in Mitchell's opposition brief regarding Total Loss appears to be based on an unexplained interpretation of the source code citations in Audatex's supplemental infringement contentions—the very source code citations that Mitchell earlier claimed was too "burdensome" to respond to or explain via a roadmap. *See* Opp. at 9:21–24.

Moreover, as explained in Audatex's motion, even if Mitchell's "Total Loss" argument were correct (and it is not), financial and sales information related to all of

---

[6] As the *Elan* Court explained: "Apple may be right that Elan's damages theory is unsound [or even inadmissible] . . . . The discovery sought is nevertheless appropriate. A *Daubert* challenge is the proper vehicle to test the validity of Elan's damages theory, not an opposition to a motion to compel that invites the [magistrate judge] to usurp the authority of the presiding judge to determine what damages theories should [] go before the jury. If adopted, Apple's position would effectively require the production of a Rule 702-worth damages analysis before any discovery that supports such an analysis need be produced." 2011 WL 4049378 at *2.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3124108

- 8 -

Plaintiff Audatex's Reply to Mitchell's Opposition to
Audatex's Motion to Compel Discovery Regarding Source
Code and Damages
Case No. 13cv1523–BEN (BLM)

WorkCenter is still fully relevant and discoverable on a number of grounds, including (but not limited to) a "convoyed sales" theory. *See* Motion at 10–11.[7] Tellingly, although Mitchell cites a handful of cases presenting purportedly "similar situations," not one of them involves a patentee that claimed or even mentioned a "convoyed sales" theory. *See* Opp. at 11–12 (citing cases); *C & C Jewelry Mfg., Inc. v. West*, 2011 WL 2559638, at *1 (N.D. Cal. June 28, 2011) ("not for citation"; denying discovery where patentee did not even argue that non-accused products were "driven by or otherwise connected to the accused [products]"); *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prod., LLC*, 2011 WL 3033033, at * (M.D. Pa. July 25, 2011) (denying discovery on separate, non-accused product lines with no alleged relationship to accused product lines); *SFD Enter, LLC v. CVS Caremark Corp.*, 2011 WL 824884, at *3 (E.D. Mich. Mar. 7, 2011) (same).

Unlike Mitchell's cited caselaw, here it is undisputed that the accused functionalities are a critical, integrated part of WorkCenter, that the WorkCenter features are marketed together under the same brand, and that these functions can be purchased as a single unit. *See, e.g.*, Rosenstein Decl. ¶ 4–6; McGill Decl. Ex. M. Mitchell's own documentation repeatedly emphasizes that the "Total Loss"

---

[7] Mitchell claims that Audatex's damages case is solely directed to lost profits, citing only a ***supplemental*** interrogatory response from Audatex. Opp. at 10:7–11. But Audatex's original response expressly stated that Audatex was seeking "damages which in no event shall be less than a ***reasonable royalty***." Ex. B at 22. Parties can and often do proceed to trial on both lost profits and reasonable royalty theories. Thus, the full scope of information Audatex seeks is relevant under the *Georgia-Pacific* factors. *See, e.g.*, *Positive Tech., Inc. v. Sony Elec.*, 2013 WL 707914, at *3-6 (N.D. Cal. Feb. 26, 2013) (compelling production of financial information for non-accused products; probative of factors 6, 8, and 11); *Clare v. Chrysler*, 2014 WL 2514563, at *16-18 (E.D. Mich. June 4, 2014) (compelling production of financial information for multi-component product based on relevance of the royalty rate for a patented component). To the extent that Mitchell believes Audatex's interrogatory response should contain more detailed information about its damages theories, Audatex is willing to confer with Mitchell further to reach a resolution on that issue.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3124108

- 9 -

Plaintiff Audatex's Reply to Mitchell's Opposition to
Audatex's Motion to Compel Discovery Regarding Source
Code and Damages
Case No. 13cv1523–BEN (BLM)

functionality is tightly integrated with WorkCenter's estimating features. *See, e.g.,* Ex. A (WorkCenter Appraisal Brochure) at 3, 5, 6 ("Streamline your appraisal workflow with features such as . . . total loss valuation . . . all in one easy-to-use workspace."). Thus, even if it were proper to consider the merits of the parties' disputes regarding damages at this stage, Audatex has made ample showing to permit it to go forward with this basic financial discovery on the complete WorkCenter product.

Dated: September 5, 2014

Respectfully submitted,

IRELL & MANELLA LLP

By: */s/ David Clark*

Morgan Chu (#70446)
mchu@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
David C. McPhie (#231520)
dmcphie@irell.com
Patrick McGill (#284332)
pmcgill@irell.com
David B. Clark (#275204)
dclark@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

*Attorneys for Plaintiff Audatex North America, Inc.*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3124108

Plaintiff Audatex's Reply to Mitchell's Opposition to
Audatex's Motion to Compel Discovery Regarding Source
Code and Damages
Case No. 13cv1523–BEN (BLM)

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324. I declare that I am a member of the bar of this Court.

On September 5, 2014, I served the foregoing document described as **PLAINTIFF AUDATEX'S REPLY TO MITCHELL'S OPPOSITION TO AUDATEX'S MOTION TO COMPEL DISCOVERY REGARDING SOURCE CODE AND DAMAGES** on each interested party, as follows:

[X]    (BY E-FILE): I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Mario Moore
mario.moore@morganlewis.com
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: (949) 399-7000
Fax: (949) 399-7001
Jason C. White
jwhite@morganlewis.com
David N. Patariu
dpatariu@morganlewis.com
Mansi H. Shah
mshah@morganlewis.com
77 West Wacker Drive
Chicago, IL 60601
Tel: (312) 324-1000, Fax: (312) 324-10001

Colm Connolly
cconnolly@morganlewis.com
1007 Orange Street, Suite 501
Wilmington, DE 19801
Tel: (302) 574-3000
Fax: (302) 574-3001

*Attorneys for Defendant Mitchell International, Inc.*

Executed on September 5, 2014, at Newport Beach, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

David B. Clark
(dclark@irell.com)
_____
(Type or print name)

*/s/ David Clark*
_____
(Signature)

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3124108.4

- 1 -

Plaintiff Audatex's Reply to Mitchell's Opposition to
Audatex's Motion to Compel Discovery Regarding Source
Code and Damages
Case No. 13cv1523–BEN (BLM)