FILED

14 SEP 11 PM 2:23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDATEX NORTH AMERICA INC., <br><br> Plaintiff, <br><br> vs. <br><br> MITCHELL INTERNATIONAL INC., <br><br> Defendant. | CASE NO. 13-CV-1523-BEN (BLM) <br><br> **ORDER DENYING MOTION TO STAY** <br><br> [Docket No. 64] |

Before this Court is a Motion to Stay, filed by Defendant Mitchell International, Inc. (Docket No. 64). Defendant asks this Court to stay this matter pending the resolution of three Covered Business Method (CBM) petitions by the Patent Trial and Appeal Board (PTAB). For the reasons stated below, the Motion is **DENIED WITHOUT PREJUDICE** as premature with leave to re-file the motion if a CBM review is instituted.

## BACKGROUND

### I. Litigation

On February 6, 2012, Plaintiff Audatex North America, Inc. commenced this action by filing an action against Defendant in the District of Delaware. (Docket No. 1). The Complaint accused Defendant of infringing upon U.S. Patent No. 7,912,740 B2 ('740 Patent), which claims an invention entitled "System and Method for Processing Work Products for Vehicles Via the World Wide Web." (Compl. ¶¶ 6-14)

The '740 Patent was dated March 22, 2011, and was subsequently assigned to Plaintiff. (Compl. ¶¶ 6, 7 & Ex. A). A First Amended Complaint was filed on August 13, 2012. (Docket No. 12). Plaintiff alleged that Defendant was also infringing U.S. Patent No. 8,200,513 B2 ('513 Patent), entitled "System and Method for Processing Work Products for Vehicles Via the World Wide Web." (First Am. Compl. ¶¶ 19-31 & Ex. B). The '513 Patent is dated June 12, 2012, and was assigned to Plaintiff. (*Id.* ¶¶ 20, 21 & Ex. B).

A District of Delaware judge granted a motion to transfer venue to this District on June 28, 2013. (Docket No. 27). On April 22, 2014, this Court granted Plaintiff's unopposed Motion for Leave to File Supplemented First Amended Complaint. (Docket No. 55).

The Supplemented First Amended Complaint for Patent Infringement, which is the operative complaint in this matter, added a third claim of patent infringement. (Docket No. 57). Defendant is alleged to have infringed upon U.S. Patent No. 8,468,038 B2 ('038 Patent), also entitled "System and Method for Processing Work Products for Vehicles Via the World Wide Web." (Supp. First Am. Compl. ¶¶ 32-44). The patent is dated June 18, 2013. (*Id.* ¶ 33, 34 & Ex. C). Defendant answered the Supplemented Complaint on May 12, 2014. (Docket No. 60). Defendant filed the instant Motion to Stay on August 14, 2014.

II. Covered Business Method Review

On August 11, 2014, Defendant filed three CBM petitions with the Patent and Trademark Office (PTO), challenging the validity of all claims of the '740, '513, and '038 Patents.

Section 18 of the Leahy-Smith America Invents Act (AIA) permits parties who have been sued for, or accused of, infringement to file a petition for review. Pub. L. No. 112-29, 125 Stat. 284, 329-31 (2011). The review is limited to challenges to the validity of "covered business method patents," which are patents that claim "a method or corresponding apparatus for performing data processing or other operations in the

1  practice, administration, or management of a financial product or service, except that
2  the term does not include patents for technological inventions." AIA, § 18(d)(1).
3       Defendant contends that all three asserted patents are: (1) invalid under 35
4  U.S.C. § 101 because they have ineligible subject matter, (2) invalid under 35 U.S.C.
5  § 102 based on a prior art reference that anticipates the asserted claims, and (3) invalid
6  under 35 U.S.C. § 103 based on prior art references that render obvious all asserted
7  claims. (Mot. at 4-5 (citing Ex. C at 14, 20, 68; Ex. D at 13, 19, 75; Ex. E. at 14, 20,
8  72)).

## LEGAL STANDARD

10       Section 18(b)(1) of the AIA lists four factors which courts are to consider when
11  determining whether to grant a motion to stay pending CBM review. Courts are to
12  decide based on: (A) whether a stay or the denial thereof, will simplify the issues in
13  question and streamline the trial; (B) whether discovery is complete and whether a trial
14  date has been set; (C) whether a stay, or the denial thereof, would unduly prejudice the
15  nonmoving party or present a clear tactical advantage for the moving party; and (D)
16  whether a stay, or the denial thereof, will reduce the burden of litigation on the parties
17  and on the court.
18       This test resembles the test applied in assessing motions to stay pending *inter*
19  *partes* or *ex parte* reexamination by the PTO. *Zillow, Inc. v. Trulia, Inc.*, No. C12-
20  1549, 2013 WL 5530573, at *3 (W.D. Wash. Oct. 7, 2013) (citation omitted). The
21  primary difference is the addition of the fourth factor. *Id.* (citation omitted).

## DISCUSSION

23  I. Simplification of Issues and Streamlining
24       Defendant contends that this factor strongly favors a stay. (Mot. at 7). Upon
25  review of the record and the briefing, the Court concludes that this factor does not
26  weigh in favor of stay at this juncture. However, it would weigh strongly in favor of
27  a stay if the PTAB decides to institute review.
28       First, the parties disagree about the likelihood that the petitions will be granted.

Defendant asserts that the petitions are likely to be granted, as "petitions are far more likely to be granted than denied." (*Id.*) It further contends that if review is granted, it is "highly likely" that one or more claim will be invalidated. (*Id.*) Defendant cites to statistics regarding CBM reviews in other cases. (*Id.* at 7-8). Plaintiff argues that petitions are not likely to be accepted, or to be adjudicated in Defendant's favor. (Opp'n at 9). Plaintiff contends that Defendant does not discuss the merits of its arguments, and instead relies on a simplistic statistical argument. (*Id.*) It asserts that the statistics Defendant cites have been cherry-picked, and do not support Defendant's position. (*Id.*) For instance, Plaintiff points out that Defendant seeks to set aside petitions which were denied as premature because CBM review has not yet been granted. (*Id.*) Plaintiff also points to the fact that the PTAB has denied almost a quarter of CBM petitions, and discusses the results in the related *inter partes* review forum. (*Id.* at 9-10).

Defendant also contends that the Supreme Court's recent decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2356-57 (2014) makes it more likely that the subject matter is unpatentable. (Mot. at 8). Defendant contends that the patents in question involve a "similar economic concept" to that invalidated in *Alice Corp.* (*Id.*) Plaintiff disagrees, and seeks to distinguish its patents from the inventions in cases like *Alice Corp.* and *Bilski v. Kappos*, 561 U.S. 593 (2010). (Opp'n at 10-11). For instance, it contends that the computer components of Audatex's inventions are "structurally and functionally interrelated with other claim elements, providing meaningful limitations on claim scope." (*Id.* at 10). It also contends that Defendant's claims concerning anticipation and obviousness rely on "nonsensical claim construction positions." (*Id.* at 11).

Plaintiff points out that the PTAB may not decide whether or not to accept the petitions for approximately six months, and that the mere filing of a petition is not enough to automatically stay proceedings. (Opp'n at 6-7). It argues that Defendant's contention that this factor favors a stay in every scenario improperly presumes that the

first stay factor always favors a patent challenger, and fails to conduct a proper case-by-case evaluation. (*Id.* at 7). Plaintiff contends that the fact that the petitions have not yet been granted or denied supports denying the motion. (*Id.* at 8). Plaintiff cites to cases which suggest that while it is unknown whether the petitions will be granted, it is unclear whether issues would actually be simplified. (*See id.* at 7-9).

The Court notes that, in the reply brief, Defendant states that this Court should not "review the merits" of the petitions. (Reply at 1). However, Defendant itself raised the issue of the likelihood of review, as well as the likelihood of success, in support of its arguments on this factor. (Mot. at 7-9). Clearly, the chance of review is directly related to the chance of obtaining benefits that are only available if a review is instituted. Further, Defendant's only cited authority for not examining the likelihood that review will be granted is readily distinguishable. In *VirtualAgility Inc. v. Salesforce.com, Inc.*, No. 2014-1232, 2014 WL 3360806 (Fed. Cir. July 10, 2014), the Federal Circuit found that a district judge erred to the extent that it reviewed the PTAB's determination that the claims were "more likely than not invalid," because district courts have "no role in reviewing the PTAB's determinations." *Id.* at *5. The court then discussed the fact that this constituted an improper collateral attack on the PTAB decision. *Id.*

Here, by contrast, this Court is not examining any decision by the PTAB. Further, this Court is not determining whether this standard has been met. Indeed, the Court finds only that the record does not reveal whether the parties are likely to be able to reap the potential benefits of CBM review. Defendant cites to general statistics regarding review, but such statistics do little to support their claim that review will be instituted in this case. The fact that the PTAB has determined that it is more likely than not that another patent is invalid does not bear on whether Defendant has made a similar showing here. Further, Defendant provides little argument specific to this case. With respect to the merits, Defendant only briefly discusses *Alice Corp.*, and does not respond to Plaintiff's argument that the patents are not invalid under *Alice Corp.*

Rather than explaining how *Alice Corp.* impacted the instant case, Defendant relies on very general contentions that *Alice Corp.* changed the law, has impacted other rulings, and required the issuance of new guidance. (Reply at 5-6). Based on the current record, neither party has demonstrated that the petitions are either futile or likely to succeed.

Second, the parties disagree regarding the simplifying effects of any stay. Defendant points out that if a claim is cancelled during CBM review, the cause of action is extinguished. (Mot. at 8 (citation omitted)). Defendant argues that this will free this Court from having to adjudicate infringement, damages, enforceability, invalidity, and certain defenses. (*Id.*) It argues that it would simplify issues by eliminating them. (*Id.*) It points out that even if only some of the claims are cancelled, it would reduce the number of potential issues and may simplify the analysis. (*Id.* at 9). Defendant also contends that even if it does not prevail during CBM review, the issues would be simplified and the trial streamlined because of estoppel effects. (*Id.* at 8-9). Defendant would be precluded from asserting in this lawsuit that the claim is invalid upon any ground which it raised during the proceeding. AIA, § 18(a)(1)(D). Plaintiff does not appear to dispute that review might eliminate some issues, but points out that there is less efficiency to be gained if review is only granted on some claims. (Opp'n at 13). It argues that complaints with multiple patents are less likely to be resolved by the PTAB decision. (*Id.*) Indeed, if review is only partially granted, it is apparent that fewer issues will be simplified, and that issuing a complete stay of proceedings without knowing what scope of review might be instituted could impede efficient resolution of the matter.

Finally, Defendant generally states that even if review is not instituted: "as a practical matter, it is unlikely that [Defendant] would raise the very same invalidity arguments it raised in the CBM proceedings." (Mot. at 9). Plaintiff disputes this, contending that there is no reason why Defendant would not do so, as it would not be prohibited from doing so and has little to lose. (Opp'n at 13). The Court agrees that

it is unclear how the issues would be simplified if review was denied, as Defendant would seemingly be free to re-assert its arguments.

It is unclear whether review will be instituted, and any review is of uncertain scope. Until the PTAB issues its decision on whether to institute review, this Court can only speculate about whether or not a stay would simplify the issues. As such, this factor weighs against imposition of a stay. *See, e.g., Xilidev, Inc. v. Boku, Inc.*, No. 13-CV-2793-DMS, 2014 WL 3353256, at *1 (S.D. Cal. July 1, 2014); *In re Ameranth Patent Litig. Cases*, No. 11-cv-1810-DMS, 2013 WL 7144380, at *1 (S.D. Cal. Nov. 26, 2013).

However, the Court notes that this factor would likely weigh in favor of at least a partial stay if review is instituted. Indeed, if review is instituted over all three claims, it is possible that the entire litigation could be resolved.

## II. Stage of Litigation

Defendant contends that the stage of litigation weighs in favor of a stay. The statute directs the court to look at whether discovery is complete and a trial date set. AIA, § 18(b)(1)(B). Defendant points out that discovery in this matter is ongoing. It argues that it was still in the early stages when this motion was filed. Although the parties have responded to interrogatories and requests for production, they had not yet held a deposition, and only one had been scheduled. (Mot. at 9 & n.5). As of the date of filing, the parties were still engaged in claim construction discovery. (*Id.* at 10). The claim construction hearing has been scheduled to take place before this Court on October 16, 2014. (Docket No. 61). No trial date has been set, per this Court's practice of waiting until after claim construction proceedings.

Plaintiff strongly disputes Defendant's characterization of the stage of the litigation. Plaintiff argues that the case was filed more than two and half years ago, and points to evidence that it contends demonstrates that Defendant has repeatedly attempted to delay the litigation and prevent it from moving forward. (Opp'n at 2, 14). Plaintiff also lists "milestones" completed over the thirty months of litigation,

including a number of discovery matters and service of invalidity contentions. (*Id.* at 15-16). Plaintiff points out that the parties have served their claim construction positions, that claim construction discovery has been completed since the motion was filed, that the parties have now filed opening claim construction briefs, and that responsive claim construction briefs are due within days of the date set for oral argument on this matter. (*Id.* at 16). Plaintiff also points out that a deposition has now taken place, and argue that Defendant delayed the deposition. (*Id.*) It points to cases in which courts took into consideration the fact that the defendant delayed in seeking administrative review. (*Id.* at 17).

Upon review of the record, it is undisputed that, regardless of the reasons for delay, discovery is ongoing and no trial date has been set. However, it is clear that this litigation is not simply in the "early stages." Indeed, it has been proceeding for years. Although Defendant points out that the text only refers to whether discovery is complete or a trial date has been set, (Reply at 2), courts have taken a less rigid view of the "timing factor." *See VirtualAgility*, 2014 WL 3360806, at *6-8 (noting that joint claim construction statements had not been filed in assessing whether the litigation was still in its infancy); *Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 494 (D. Del. 2013). When the instant motion was filed on August 14, 2014, the parties were already deep into preparations for the claim construction process. A Joint Claim Construction Chart was filed on July 24, 2014 (Docket No. 62), and opening briefs were filed approximately three weeks after the motion to stay. (Docket Nos. 77, 80). It is apparent that the parties had already invested substantial resources in preparation for claim construction. Staying a case at an early stage can advance judicial efficiency and maximize the likelihood that neither the court not the parties expend their assets addressing invalid claims. *Market-Alerts*, 922 F. Supp. 2d at 494(citation omitted).

This factor therefore weighs slightly in favor of a stay. The court specifically notes that, in the instant case, substantial effort has already been expended with respect

to the major substantive event, the claim construction, scheduled for the near future, before a PTAB decision can be expected.

### III. Undue Prejudice or Clear Tactical Advantage

The question of whether a patentee will be unduly prejudiced by a stay focuses on the patentee's need for expeditious resolution of its claim. *VirtualAgility*, 2014 WL 3360806, at *9. Waiting for the administrative process to proceed risks prolonging the resolution of the dispute, and can result in inherent prejudice to the plaintiff. *See Market-Alerts*, 922 F. Supp. 2d at 494. However, the potential for delay alone is not enough to establish undue prejudice. *Id.* In examining this factor, courts have looked to the timing of the stay request, the timing of the administrative review request, the status of review proceedings, and the relationship between the parties. *Id.* (citations omitted).

The record indicates that the instant motion was promptly filed within days of the filing of the CBM petitions. With respect to the status of review proceedings, the petitions have been filed, but the PTAB has not, to the Court's knowledge, determined whether or not to institute the requested review.

Defendant points out that the review request was made on August 11, 2014, approximately four months after Plaintiff asserted the third patent in April and two months after the Supreme Court's ruling in *Alice Corp.* (Mot. at 12). However, the Court notes that administrative review was not sought until after the litigation had been pending for years. The presence of the new patent and the Supreme Court decision can only explain the failure to seek earlier review of the third patent and, perhaps, the invalidity claims under section 101. Defendant has been aware of the claims regarding the other two patents for years. Further, there was no argument made that the obviousness or anticipation grounds were not known to Defendant, or that the likelihood of prevailing on either ground has substantially changed. Additionally, Defendant offers little substantive argument to explain how *Alice Corp.* might have affected the likelihood of prevailing in this particular case.

1    In this case, the parties agree that they are competitors. (Mot. at 11; Opp'n at
2 18). Plaintiff asserts that a delay in adjudication will lead to continued harm, such as
3 lost market share, goodwill, and profits. (Opp'n at 3). Many courts have recognized
4 the potential prejudice of a stay on a direct competitor. *VirtualAgility*, 2014 WL
5 3360806, at *9; *Market-Alerts*, 922 F. Supp. 2d at 495 (citing cases). There is a
6 "reasonable chance that delay in adjudicating the alleged infringement will have
7 outsized consequences to the party asserting infringement has occurred, including the
8 potential for loss of market share and an erosion of goodwill." *Market-Alerts*, 922 F.
9 Supp. 2d at 495 (quoting *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS, 2013 WL
10 144255, at *5 (D. Del. Jan. 11, 2013)). Plaintiff points to cases which recognize that
11 delays in resolving patent lawsuits may cause the patentee to lose market share while
12 the infringer continues to sell a competing product. *See Sunbeam Prods., Inc. v.
13 Hamilton Beach Brands, Inc.*, No. 3:09cv791, 2010 WL 1946262, at *4-5 (E.D. Va.
14 May 10, 2010). Courts have concluded that loss of market share by the patentee may
15 not be recoverable, and the losses can cause harm that is not compensable by purely
16 monetary damages. *See Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. Iptronics Inc.*,
17 No. 10cv2863, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011) (citing *Acumed LLC
18 v. Stryker Corp.*, 551 F.3d 1323, 1327-28 (Fed. Cir. 2008)). Defendant points out that
19 many of the cases cited by Plaintiff involve other PTO proceedings, and that the burden
20 differs from the CBM context. (Reply at 2). The Court finds that the logic of such
21 opinions is somewhat applicable, particularly in assessing the outcome of the same
22 factor, rather than the outcome of the entire analysis. Defendant also points out that
23 Plaintiff has not put forward evidence that it would be so prejudiced. (*Id.* at 8-9).
24 Although Plaintiff has not provided detailed projections regarding market share and
25 possible losses, Defendant has conceded that Plaintiff is a competitor, and common
26 sense indicates that a patentee would be harmed if a competitor were permitted to
27 continue to sell the allegedly infringing product.
28    Defendant contends that Plaintiff's claim of prejudice is undermined by its

delays in filing and failure to seek a preliminary injunction. Plaintiff vigorously disagrees. Defendant points out that the lawsuit was not filed for more than a year after the '740 Patent issued, and that Plaintiff delayed in adding the '038 Patent for almost a year after it was issued. (Mot. at 11). It contends that this "lack of urgency" undermines a party's prejudice arguments. (*Id.* (citing *O'Keefe's, Inc. v. Tech. Glass Prods.*, No. 07-03535 JF, 2007 WL 4105976, at *2 (N.D. Cal. Nov. 16, 2007))). It also points out that the Plaintiff twice amended the complaint, causing the deadlines to be reset. (Reply at 4-5). Plaintiff argues out that the case was filed less than a year after the first patent was issued, and that the other patents were added shortly after issuance and without any opposition from Defendant. (Opp'n at 19). It contends that the timing was reasonable, given the need for pre-filing investigation, the weighing of strategic business considerations, and basic case preparation. (*Id.*)

Defendant also asserts that courts have found that arguments of undue prejudice are undermined where the patentee elects not to seek injunctive relief. (Mot. at 11 (citing *Zillow*, 2013 WL 5530573, at *6)). Plaintiff cites to cases in which the district courts noted that a plaintiff might have a variety of reasons for not pursuing injunctive relief, and declined hold the decision not to seek a preliminary injunction against a plaintiff. (Opp'n at 19 (citing cases)); *see, e.g., Avago Techs.*, 2011 WL 3267768, at *6 (noting that the plaintiff might have reasons for deciding not to pursue injunctive relief other than a lack of concern about irreparable harm, and declining to hold the decision to spare the parties more litigation against the plaintiff). Although Plaintiff has not offered a particular explanation to the Court, there are numerous possibilities and this Court will not place great weight upon a decision not to reveal litigation strategy. The Court therefore takes the failure to seek injunctive relief into consideration, but does not consider it dispositive.

Finally, Defendant suggests that prejudice is minimized by the fact that a review is required to be completed within twelve months and Plaintiff will be able to participate fully and take discovery. (Mot. at 12). The Court notes that a decision on

whether to institute review could take as long as six months after the petitions were filed, that the process could take twelve months if instituted, and that any appeal could add additional time. This constitutes a lengthy delay.

The Court finds that this factor weighs in favor of temporarily denying the stay, but permitting the Defendant to re-apply for a stay order in the event that any of its petitions for review are granted. Plaintiff is a competitor of Defendant, and this litigation has already been pending for a substantial amount of time. There is little evidence that Plaintiff unduly delayed in filing this action, such that claims that a delay would be harmful to Plaintiff are severely undermined. Further delay threatens to cause the litigation to drag on for years, especially if the review process does not resolve the entire matter. The fact that Defendant waited so long to seek review, and did so on the eve of claim construction, weighs against imposition of a stay before a decision is made on instituting review. If review is not instituted, the parties will benefit from a more expeditious result. If review is partially granted, the Court may be able to proceed in part, and will have continued to make progress.

## IV. Burden on Court and Parties

Courts have concluded that the fourth factor was enacted with the intent of increasing the likelihood that stays would be granted. *See In re Ameranth*, 2013 WL 7144380, at *2 (citations omitted). Although the Federal Circuit has noted that this factor is similar to the first, it has held that both factors must be weighed separately. *Virtual Agility*, 2014 WL 3360806, at *5.

Defendant contends that the burden on the court and the parties would be lightened if they do not have to litigate issues which are rendered moot. (Mot. at 13). Defendant points out that if no stay is issued, the Court will spend resources deciding substantive issues and discovery disputes which might be affected or rendered moot by the review. (*Id.*) Specifically, Defendant contends that this Court might need to revisit the claim construction based on the record created by a CBM review or amendments to the claims. (*Id.*) Defendant also points out that the need to conduct parallel

proceedings would impose substantial burdens. (Reply at 9).

If no review is undertaken, the parties and Court will not have expended needless resources, although the parties may find simultaneous litigation inconvenient.[1] However, if any review is implemented, it is apparent that continuing to litigate this matter would impose a burden on the Court and the parties. The parties would have engaged in litigation which might need to be altered or supplemented. This factor therefore slightly favors a stay. However, the Court believes that the burden can be minimized if the stay is merely denied as premature. First, the record reflects that the parties have already begun to engage in preparations for the imminent claim construction proceedings, and have already committed significant resources. Second, even if revisions to decisions are necessary, the Court and the parties will have the benefit of the earlier briefing. Third, by promptly reconsidering a stay in the event that review is granted, the Court will be able to minimize inefficiencies and tailor a stay according to the situation.

## CONCLUSION

Upon review of the briefing and the record, and after fully considering all four factors, the Court determines that a stay would be premature in this case. Although the Court acknowledges that courts can, and frequently have, stayed cases before review is instituted, it determines that a stay is not warranted in this case at this time. *See VirtualAgility*, 2014 WL 3360806, at *7 (noting that the case for a stay becomes stronger after post-grant review has been instituted).

The Federal Circuit has stated that it is not error to wait to rule on a motion until after the PTAB has made its determination. *Id.* It further noted that it expressed no opinion on whether it was a "better practice" to deny a motion as premature without prejudice to re-filing. *Id.* Although this Court could have simply waited to rule on the matter, it has chosen to provide clear guidance to the parties.

---

[1] The Court notes that the burdens of simultaneous litigation are likely to be somewhat less severe while the PTAB is still considering whether to institute review.

At this juncture, the benefits of a stay are highly speculative. Delay in resolving this case, particularly in the event that review is not instituted, would prolong an already extremely lengthy litigation, to the detriment of the non-moving patentee. Further, the Court determines that issuing a stay in advance of the decision, rather than after a decision (if merited), would do relatively little to minimize the burden on the Court and the parties or improve judicial efficiency. Indeed, the parties had already begun claim construction preparations when the motion was filed, and this Court intends to hold the hearing as scheduled. To the extent other issues arise prior to the PTAB's decision that will require a substantial investment of resources, the parties have leave to argue to the Court that deferral of a particular matter would be appropriate until after the PTAB decision on instituting review is made. The Court further notes that delaying a decision on a stay will allow the Court to consider the actual scope of any instituted review in determining the parameters of a potential stay.

The Motion is therefore **DENIED WITHOUT PREJUDICE**. Defendant is **ORDERED** to notify the Court as soon as practicable when the PTAB renders a decision on instituting review as to any petition. If review is instituted as to any petition, Defendant has leave to re-file a motion to stay.

**IT IS SO ORDERED**.

Dated: September 11, 2014

HON. ROGER T. BENITEZ
United States District Judge