
UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDATEX NORTH AMERICA INC., <br><br> Plaintiff, <br><br> v. <br><br> MITCHELL INTERNATIONAL, INC., <br><br> Defendant. | Case No. 13cv1523-BEN (BLM) <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE ORDER ON AUDATEX'S MOTION TO COMPEL DISCOVERY** <br><br> [ECF No. 101] |

On October 3, 2014, the Court issued an Order Granting Plaintiff's Motion to Compel Discovery. ECF No. 90. The Court ordered Defendant, *inter alia*, to supplement its responses to Plaintiff's Interrogatory No. 15 and Requests for Production ("RFPs") Nos. 34-38 by producing "the requested financial information and sales data for Defendant's entire WorkCenter product." Id. at 16. On October 23, 2014, Defendant filed a "Motion for Reconsideration of the Order on the Audatex's Motion to Compel Discovery." ECF Nos. 101, 106. On October 27, 2014, Plaintiff timely filed an opposition to Defendant's motion, and on October 31, 2014, Defendant filed its reply. ECF Nos. 104, 108, 111, 114. After considering the parties' pleadings, the Court **DENIES** the motion for the following reasons.

**Legal Standard**

Pursuant to Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. Civ.L.R. 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Id. Local Rule 7.1(i)(2) permits motions for reconsideration within "twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." Additionally, pursuant to Federal Rule of Civil Procedure 59(e), a party must file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

**Parties' Arguments**

Defendant asks the Court to reconsider its October 3, 2014 order compelling Defendant to supplement its responses to Plaintiff's Interrogatory No. 15 and RFPs Nos. 34-38 by producing "the requested financial information and sales data for Defendant's entire WorkCenter product." See ECF Nos. 101-1 at 4, 8; see also 90 at 16. In support, Defendant asserts that Plaintiff erroneously identified WorkCenter as the accused product in its pleadings,[1] discovery, and motion to compel, and that the Court relied on Plaintiff's "factually incorrect" assertions when it issued the challenged Order. See ECF No. 101-1 at 4-5, 7. Specifically, Defendant alleges that WorkCenter is not a product or a product suite, but a "brand name" used in conjunction with multiple products,[2] and claims that "because WorkCenter is not a product, it cannot be an accused product in this case." Id. at 4-7. Defendant further claims that it keeps separate data for each separate product sold under

---

[1] Defendant alleges that although Plaintiff's "cover pleading summarily identifies 'WorkCenter' as the accused product, the specific pages of its infringement contention charts list only one product – the Total Loss product as infringing Audatex's claims." ECF Nos. 101-1 at 7; 106-1, Exh. B.

[2] Defendant claims that it developed "WorkCenter brand" in order to "present several separate products under a common brand," and asserts that the products "do not rely upon one another to function." ECF No. 101-1 at 5-6.

the WorkCenter brand and that no data exists with respect to a "WorkCenter product." Id. at 5-6, 8. Additionally, Defendant asserts that Total Loss is "the only properly accused product" marketed under the "WorkCenter brand." Id. at 4. Defendant also claims that additional discovery, namely the deposition of its 30(b)(6) witness, Mr. Rosenstein,[3] confirms that WorkCenter is not a "product," but a "marketing brand name." Id. at 5-7. As a result, Defendant asks the Court to reconsider its ruling based on a factual error about Defendant's "brands and products," and to deny Plaintiff's motion to compel the production of financial information and sales data for Defendant's entire "WorkCenter product." Id. at 8.

Plaintiff replies that Defendant does not offer new evidence or law to challenge the Court's ruling, and thus fails to meet the legal standard required for reconsideration. ECF No. 104 at 3-6. Plaintiff claims that Defendant asserted the same arguments in its original briefing, and that the Court considered and rejected those arguments in its order on Plaintiff's motion to compel. Id. at 2, 4. Plaintiff further asserts that, contrary to Defendant's assertions, Mr. Rosenstein's recent deposition testimony fails to set forth additional evidence, because "***Mr. Rosenstein is [Defendant's] own employee and witness***," and thus Defendant had "full access to any facts within Mr. Rosenstein's knowledge during the prior briefing." Id. at 5 (emphasis in original); see also ECF No. 101-1 at 6-7. Plaintiff claims that the Court correctly characterized WorkCenter as a "product," and cites Mr. Rosenstein's deposition testimony in which Mr. Rosenstein stated the following: "███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████" ECF Nos. 108 at 7 (emphasis in original); 104 at 5-8; see also ECF No. 106-1 at 6. Furthermore, Plaintiff argues that Defendant's pleadings, documents produced during discovery, and publicly available information confirm that WorkCenter is a product, and

---

[3] Defendant cites Mr. Rosenstein's deposition statement that ████████████████████████████████████████████████████████████ ECF Nos. 101-1 at 6; 106-1, Exh. A at 6-8.

claims that financial information for the entire WorkCenter product is relevant. ECF No. 104 at 6-8.[4] Plaintiff thus asks the Court to deny Defendant's motion and order immediate compliance with its prior order. Id. at 2, 10.

Defendant replies that its motion meets the legal standard for reconsideration, that its statements about "WorkCenter" are inopposite and reinforce the need for the motion, and that financial information for products other than Total Loss is not relevant. ECF No. 111 at 3-7. Defendant reasserts that "WorkCenter is a brand used to market a number of products that each have financial information and documents as to those products," claims that "it is unclear which software modules the order is directed to," and that the only "properly accused product" in this case is Mitchell Work Center Total Loss software. Id. at 2-3 (citing ECF No. 114-1, Exh. A). Defendant further alleges that it has been asserting that WorkCenter is not a product and states that its 30(b)(6) witness confirmed this fact. ECF No. 111 at 4. Defendant also claims that its responses to the allegations in Plaintiff's complaint[5] and discovery requests[6] that used the term "product" with respect to WorkCenter, "us[ed] the language [Plaintiff] used in the first instance," and that it

---

[4] Alternatively, Plaintiff argues that even if "Total Loss" was the only properly accused product in this case, the financial and sales information for the entire WorkCenter is relevant because financial information for a multi-component product is relevant to the royalty rate for a patented component. ECF No. 104 at 9 (citing Clare v. Chrysler, 2014 WL 2514563, at *16-18 (E.D. Mich. June 4, 2014); Positive Tech., Inc. v. Sony Elec., 2013 WL 707914, at *3-6 (N.D. Cal. Feb. 26, 2013)).

[5] Specifically, Defendant explains its answer to Plaintiff's First Amended Complaint in which it stated that "'WorkCenter' software is its product" as follows:

> The allegation Mitchell was responding to was "One of Mitchell's primary products is its 'WorkCenter' software." The allegation is primarily directed to confirming which entity provides the identified software. Mitchell's response merely confirms that it provides software under the WorkCenter brand – it is not an admission that the software modules take any specific form or format, and it is certainly not an admission that the words "WorkCenter" alone identify a specific product.

ECF No. 111 at 5-6; see also ECF No. 60 at 3-4.

[6] Defendant explains its denial of infringement in which it refers to the "WorkCenter product" as follows: "Mitchell responded with respect to Mitchell's WorkCenter branded Total Loss product given it was the only product accused of infringement in the underlying infringement chart, when it used the terminology 'WorkCenter product.'" ECF No. 111 at 6.

responded "with the understanding that the accused product was the WorkCenter Total Loss software." Id. at 2, 5-6. As a result, Defendant asks the Court to reconsider its ruling based on a "factual error" about Defendant's brands and products, reissue a ruling with the "correct description of the accused product, which is WorkCenter branded Total Loss software," and deny Plaintiff's motion to compel financial information and sales data for Defendant's entire "WorkCenter product." Id. at 7-8.

## Analysis

Initially, Defendant's motion for reconsideration is premised on "new facts" allegedly provided by Defendant's own employee, Mr. Rosenstein. According to Defendant, Mr. Rosenstein's testimony during his deposition establishes that WorkCenter is a "marketing brand name," not a "product." See ECF Nos. 101-1 at 5-6; 106 at 6; 106-1, Exh. A; 114 at 5; 114-1, Exh. A. However, as countered by Plaintiff, Mr. Rosenstein also testified that ████ ████████████████████████████████████████████████████████████████████████ ████████████████" See ECF No. 108 at 7; see also 106-1 at 6. Thus, Mr. Rosenstein's testimony supports both sides of the argument and does not constitute new or different facts warranting reconsideration of the Court's decision.

A thorough reading of Defendant's motion establishes that it really is an argument that this Court made the wrong decision and a request to change the decision to what Defendant prefers. Throughout its original motion and the motion for reconsideration, Defendant repeatedly argues that the "only properly accused product" is the Total Loss component, or as Defendant identifies it in its Reply, the "WorkCenter branded Total Loss software." See ECF Nos. 101-1 at 4; 111 at 2, 6-7; see also ECF No. 70 at 7, 14, 15. The Court understands, and understood when it issued its original ruling, that this is Defendant's argument. The Court further understands that Defendant will make this argument to the district judge, or a jury, at the appropriate time(s) and this Court's discovery ruling certainly does not prevent Defendant from asserting any such argument. However, the issue before this Court in the original motion to compel and in the current motion for reconsideration addresses only discovery. Rule 26 authorizes a very broad scope of discovery, dictating

that Plaintiff is entitled to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). As summarized in the Court's original order, Plaintiff has consistently identified Defendant's WorkCenter software as the infringing product:

> In its initial and amended complaints, Plaintiff asserted infringement by Defendant through the manufacture, use, and sale and/or offer for sale of products, including "Mitchell's 'WorkCenter' software and related services." ECF No. 1 at 2; ECF No. 12 at 3. Additionally, Plaintiff's initial patent disclosures identified "WorkCenter" as an accused product pursuant to Patent L. R. 3.1(b). ECF No. 66-3, Exh. A at 4 ("Audatex asserts infringement of every claim identified in its response to Patent L.R. 3.1(a) above (collectively, the 'Asserted Claims') by the Mitchell Accused Products, including, without limitation, Mitchell's 'UltraMate' and 'WorkCenter' products (the 'Accused Products') and related products and services sold by Mitchell."). Plaintiff's amended infringement contentions again identified "WorkCenter" as an accused product. ECF No. 66-4, Exh. B at 5-6 ("Audatex asserts infringement of every claim identified in its response to Patent L.R. 3.1(a) above, collectively, the 'Asserted Claims') by the Mitchell Accused Products, which include, without limitation, Mitchell's 'WorkCenter' product suite–which features, among other things, the 'WorkCenter Total Loss' and 'UltraMate' (also known as 'Mitchell Estimating') products – and other related products and services sold by Mitchell."). Further, Plaintiff reiterated that it named Defendant's entire WorkCenter suite as an accused product in its correspondence with Defendant. See ECF No. 66-10, Exh. H at 4 (containing Plaintiff's letter to defense counsel stating "[a]lthough you indicated on our call that you had previously believed that Audatex was requesting damages information only for the WorkCenter Total Loss functionality, we have in fact repeatedly emphasized that this is not the case, including during the May 5th in-person meet-and-confer, as well as in subsequent correspondence . . . ."); see also ECF No. 66-12, Exh. J. As such, Plaintiff named and accused the entire WorkCenter product suite in its pleadings and infringement contentions, and reiterated this point in correspondence with the opposing counsel. See ECF No. 1 at 2; ECF No. 12 at 3; ECF No. 66-4, Exh. B at 5-6; ECF No. 66-10, Exh. H at 4; ECF No. 66-12, Exh. J.

ECF No. 90 at 14-15. Plaintiff also identifies numerous instances in which Defendant utilizes the phrase WorkCenter product or describes its functionality in a manner that is consistent with it operating as a product, rather than individual components.[7] ECF Nos. 104 at 7-8; 108-1, Exh. B; see also ECF No. 66-15, Exh. M. Finally, Plaintiff also repeatedly has

---

[7] Even the "new" deposition testimony cited by Defendant supports this argument as Mr. Rosenstein testified "███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████" ECF No. 114-1 at 7 (emphasis added). While the Court was only provided with limited portions of Mr. Rosenstein's testimony, it seems to support the conclusion that while the WorkCenter name may be a brand, all of the components work together closely and efficiently and are often difficult to separate into individual components.

asserted damage theories in which it is entitled to rely on all of the components of the WorkCenter software either to determine lost profits or reasonable royalty rates. ECF Nos. 104 at 9; 66-1 at 5, 13-14.

While Plaintiff has not at this point proved either infringement or that it is entitled to recover infringement damages from Defendant based upon the sales of all of the components of the WorkCenter suite or to use such information to determine a reasonable royalty rate, under the broad scope of discovery, Plaintiff has established that it is entitled to the requested (and ordered) discovery relating to all of the components. Accordingly, Defendant's motion to reconsider the Court's original ruling and to limit discovery only as to the Total Loss component of the WorkCenter software is **DENIED.** Defendant must produce the ordered discovery by **November 21, 2014.**

**IT IS SO ORDERED.**

DATED: November 14, 2014

_Barbara L. Major_
BARBARA L. MAJOR
United States Magistrate Judge