FILED

15 MAR 24 PM 4:46

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

acc
          DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDATEX NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MITCHELL INTERNATIONAL, INC., <br><br> Defendant. | CASE NO. 13-cv-1523-BEN (BLM) <br><br> **ORDER GRANTING MOTION TO STAY PENDING CBM REVIEW** <br><br> [Docket No. 186] |

Before this Court is Defendant's Motion to Stay. (Docket No. 186.) On March 16, 2015, Plaintiff filed an Opposition. (Docket No. 196.)

## BACKGROUND

In 2012, Plaintiff brought this action alleging Defendant infringed on three patents. In August 2014, Defendant filed three petitions with the Patent Trial and Appeal Board ("PTAB") seeking a covered business method ("CBM") review of the patents-in-suit. The petitions challenged the patentability of all of the claims of the patents-in-suit, and argued the claims are unpatentable or invalid under 35 U.S.C. §§ 101, 102, and 103.

On August 14, 2014, Defendant filed a motion to stay this action pending review by the PTAB. (Docket No. 64.) On September 12, 2014, this Court denied Defendant's motion to stay as premature, but granted leave to re-file a new motion

if the PTAB instituted review. (Docket No. 87.)

On February 24, 2015, the PTAB determined that the claims "are more likely than not" unpatentable, and instituted a CBM review of all of the claims in the patents-in-suit. (Mot. 1, 3.) As a result, Defendant filed the instant Motion to Stay.

## LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a [Patent and Trademark Office] reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Section 18 of the Leahy-Smith America Invents Act ("AIA") permits parties who have been sued for, or accused of, infringement to file a petition for review. Pub. L. No. 112-29, 125 Stat. 284, 329-31 (2011). The review is limited to challenges to the validity of "covered business method patents," which are patents that claim "a method or corresponding apparatus for performing data processing or other operations in the practice, administration, or management of a financial product or service, except that the term does not include patents for technological inventions." AIA, § 18(d)(1).

Section 18(b)(1) of the AIA lists the following four factors which courts are to consider when determining whether to grant a motion to stay pending CBM review: (A) whether a stay or the denial thereof, will simplify the issues in question and streamline the trial; (B) whether discovery is complete and whether a trial date has been set; (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

## DISCUSSION

A. Simplification

As the Court previously suggested, now that the PTAB has instituted CBM review, the first factor weighs in favor of a stay. In granting review, the PTAB

determined that the claims of the patents-in-suit are "more likely than not" unpatentable. The question of whether the issues in this case will be simplified as a result of a stay is not speculative as Plaintiff suggests. This case will be simplified or streamlined regardless of the outcome of the PTAB's review. *See Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1372 n.3 (Fed. Cir. 2014) ("By its very nature, the CBM process will always simplify some issues."). Either the PTAB will decide that all or some of the claims of the patents-in-suit are unpatentable, which will eliminate or reduce the issues for trial. Or, the PTAB will decide that all of the claims are of patentable subject matter, in which case Defendant will be precluded from arguing unpatentability and invalidity before this Court. The first factor therefore weighs strongly in favor of a stay.

B. Stage of Litigation

Discovery is nearly complete, although no trial date has been set. The Parties have grown very contentious and, unfortunately, this case has not progressed in an expeditious manner. While the Court acknowledges how far along in the litigation this case is, the amount of completed discovery does not outweigh the insight and definition that a stay pending the CBM review will bring to the issues in this case. The second factor weighs slightly in favor of a stay.

C. Undue Prejudice or Tactical Advantage

The third factor focuses on the patentee's need for expeditious resolution of its claim. When assessing this factor, courts look to the timing of the stay request, the timing of the administrative review request, the status of review proceedings, and the relationship between the parties. *Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 494 (D. Del. 2013). Delay alone is not enough to establish undue prejudice. *Id.*

Here, Defendant filed petitions for review with the PTAB nearly four months after Plaintiff asserted the third patent-in-suit—well over two years after this litigation had begun. Defendant then filed its first motion to stay within days of

filing the petitions. Defendant re-filed the instant Motion on the same day the PTAB instituted CBM review. The Court does not consider Defendant's extended delay in initiating CBM review to weigh against a stay. *See Benefit Funding Sys. LLC v. Advance Am. Cash Advance Ctrs. Inc.*, 767 F.3d 1383, 1384 (Fed. Cir. 2014) (affirming court's grant of stay where defendant waited ten months into the litigation to file a petition with the PTAB).

"Courts are generally reluctant to stay proceedings where the parties are direct competitors." *Market-Alerts*, 922 F. Supp. 2d at 495. Plaintiff and Defendant are competitors in the auto insurance valuation industry. As the Court previously stated in its September 2014 Order, "common sense indicates that a patentee would be harmed if a competitor were permitted to continue to sell the allegedly infringing product." But, it is important to note that, whatever its reasons, Plaintiff did not move for a preliminary injunction in this matter. This case has been going on since February 2012. While further delay in this case may increase harm to Plaintiff, it is not certain that refusing to stay this case will eliminate or reduce such loss. Implementing a stay will only delay the receipt of monetary damages if Plaintiff is so entitled. There is little indication that Plaintiff will suffer undue prejudice. The third factor weighs against a stay.

D. Burden of Litigation

Finally, courts have concluded that the fourth factor was enacted with the intent of increasing the likelihood that stays would be granted. *See In re Ameranth Patent Litig. Cases*, No. 11-cv-1810-DMS, 2013 WL 7144380, at *2 (S.D. Cal. Nov. 26, 2013) (citations omitted). The outcome of the pending CBM review will greatly reduce the burden of litigation in this case. As discussed above, the PTAB's decision after reviewing the patents-in-suit will lessen the number of issues this Court must decide—no matter the outcome. Therefore, the fourth factor weighs strongly in favor of a stay.

///


## CONCLUSION

Upon consideration of the four factors, three weigh in favor of a stay and the remaining factor weighs against a stay. The Court finds a stay is warranted, and therefore **GRANTS** Defendant's Motion to Stay this action pending CBM review. The case is **STAYED**. Defendant is **ORDERED** to notify this Court within **two days** of any decision by the PTAB on CBM review.

Accordingly, the hearing scheduled for March 30, 2015 is vacated. Defendant's Motion for Summary Judgment (Docket No. 126) is **DENIED** at this time. Defendant's previous Motion to Stay Discovery (Docket No. 127) is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: March 23, 2015

HON. ROGER T. BENITEZ
United States District Judge