FILED
MAY 24 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDATEX NORTH AMERICA, INC., <br> Plaintiff, <br> v. <br> MITCHELL INTERNATIONAL INC., <br> Defendant. | Case No.: 3:13-cv-01523-BEN-BLM <br><br> **ORDER RE: DISMISSAL** |

Plaintiff Audatex North America, Inc. ("Audatex") and Mitchell International, Inc. ("Mitchell"), are competitors in the insurance estimation and loss valuation industry. On February 6, 2012, Audatex commenced this suit asserting patent infringement involving computerized systems for automobile insurance claim analysis. (Doc. No. 1.) Audatex alleged infringement of U.S. Patent No. 7,912,740 B2 ("the *'740 Patent*"), claiming an invention entitled "System and Method for Processing Work Products for Vehicles via the World Wide Web." (*Id.* at 2-4.)

On August 13, 2012, Audatex filed a First Amended Complaint adding a claim alleging infringement of U.S. Patent No. 8,200,513 B2 ("the *'513 Patent*"). (Doc. No. 12 at 4-6.) Thereafter, on April 23, 2014, Audatex filed its "Supplemented First Amended Complaint for Patent Infringement" ("Supplemented FAC"), the operative pleading in this case, adding a third claim alleging infringement of U.S. Patent No. 8,468,038 B2

1

("the *'038 Patent*"). (Doc. No. 57 at 8-10.) In its Supplemented FAC, Audatex alleges that Mitchell infringes Audatex's *'740, '513,* and *'038 patents* by "making, using, selling and/or offering for sale" infringing products, "including Mitchell's 'Work Center' software and related services." (*Id.* at 4, 7, 9.)

On February 19, 2016, the Patent Trial and Appeal Board ("PTAB") issued its final decisions with respect to the three patents-in-suit. The PTAB determined that every claim in all three patent's was unpatentable under section 101, including claims 1-29 of the *'740 patent*, claims 1-31 of the '513 patent and claims 1-31 of the *'038 patent*. (Doc. No. 207, Ex. A at 23; Ex. B at 22; Ex. C at 23.) Additionally, the PTAB determined every claim in all three patent's was unpatentable under sections 102 and 103, including claims 1-29 of the *'740 patent*, claims 1-31 of *'513 patent* and claims 1-31 of the *'038 patent*. (Id., Ex. A at 33; Ex. B at 32; Ex. C at 33.)

Audatex sought appellate review of the PTAB's decisions on April 22, 2016. The United States Court of Appeals for the Federal Circuit ("Circuit Court") issued its final Opinion and Judgment affirming in full the PTAB's decisions with respect to the '*740 patent* and *'038 patents*. Audatex declined to appeal to the Federal Circuit the prior final decision of the PTAB invalidating the '*513 patent*.

On October 10, 2017, this Court Ordered Audatex to show cause why this case should not be dismissed. (Doc. No. 218.) Audatex responded on October 23, 2017, declaring that the Covered Business Method ("CBM") review of the patents was not final as Audatex had just petitioned the Supreme Court for a writ of certiorari to review the judgment of the United States Court of Appeals for the Federal Circuit. (Doc. No. 219 at 1.) The Supreme denied Audatex's petition for certiorari on April 30, 2018.

Based on the decision of the PTAB, the Opinion and Judgment of the Circuit Court, and in accordance with the Supreme Courts denial of review, Audatex's *'740, '513,* and *'038 patents* are now invalid in their entirety. *See e.g., Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2143 (2016) ("[A] decision to cancel a patent [in an IPR] normally has the same effect as a district court's determination of a patent's invalidity.

Therefore, this Court declines to proceed on Audatex's claims for patent infringement as each was deemed unenforceable and judgment is entered for defendant. *See e.g., Game & Tech. Co. Ltd. v. Blizzard Entertainment, Inc.*, 2:16-cv-06499-MLH (SKx) (C.D. Cal. Mar. 28, 2018).

Accordingly, the Court dismisses this action with prejudice.

**IT IS SO ORDERED.**

Date: May 23, 2018

HON. ROGER T. BENITEZ
United States District Judge